DISTRICT TOWNSHIP OF SPENCER v. DISTRICT TOWNSHIP OF RIVERTON ET AL.

1. **School District**: REFUNDING ILLEGAL TAX: CHANGE OF BOUNDARIES. Where a school district from which an illegal tax had been collected, and by which it was expended, was afterward subdivided, it was held that the county treasurer, in refunding such tax under section 870 of the Code, should apportion the amount refunded between the different districts occupying the territory from which it was collected.

2. ———: ———: CONTRIBUTION. The treasurer having refunded a portion of such tax entirely from the funds of the district having the same name as the one from which it was collected, but occupying only a portion of the territory, it was held that such district, after demand upon those occupying the remaining territory, might maintain an action against them for contribution.

*Appeal from Clay District Court.*

SATURDAY, APRIL 23.

ACTION in equity to enforce a contribution. The district township of Spencer, in the county of Clay, once embraced not only the territory now embraced in the plaintiff district township of the same name, but also the territory embraced in the defendant district township of Riverton, and the territory embraced in the defendant independent district of Spencer. Before the division a certain illegal tax had been collected, paid over, and expended. After the division a portion of the taxpayers applied to the county to refund to them the tax paid by each, respectively, and the county treasurer refunded the same under the order of the board of supervisors directing him so to do. In doing so he refunded wholly from the funds in the county treasury belonging to the plaintiff district township. The plaintiff avers in substance the above stated facts, and prays that the defendants be decreed to reimburse the plaintiff by way of contribution to the extent of what is their equitable proportion, respectively. To the petition the defendants demurred and the demurrer was sustained. The plaintiff's petition having been dismissed, it appeals.

District Township of Spencer v. District Township of Riverton.

*E. E. Snow*, for appellant.

*Ackley Hubbard*, for appellees.

ADAMS, CH. J.—Section 870 of the Code provides that the board of supervisors shall direct the treasurer to refund to

1. SCHOOL district : refunding illegal tax : change of boundaries.

the tax payer any tax found to have been erroneously or illegally exacted or paid. Where an illegal tax has been collected for the benefit of the county, and the same has been expended, it seems to us that it would be proper to refund the same from other funds belonging to the county. So, too, where an illegal tax has been collected for the State, or a school or road district, and the county has paid over the same to the State, school or road district, it seems to us that it would be proper to refund the tax (in case it becomes necessary to refund it) from other funds belonging to the State, school, or road district which had thus received and enjoyed the benefit of the illegal tax. It is true that in *D. M. & M. R. R. Co. v. Lowry, county treasurer*, 51 Iowa, 486, it was held that the defendant could not be allowed to refund an illegal tax voted and paid by the taxpayers of one township in aid of the plaintiff's railroad from taxes voted and paid in aid of the same road by the taxpayers of a different township. But the ruling in that case is not inconsistent with the view herein expressed, because the ruling was based upon the theory that the taxes from the different townships constituted distinct funds. If, then, in the case at bar, there had been any funds in the county treasury belonging to the original district township, such funds being all of one character, it seems to us that the illegal tax might have been refunded therefrom. But, strictly speaking, there were no such funds. There were funds collected from the taxpayers belonging to the same territory. But the taxes thus collected constituted three funds, and it is evident that if the treasurer was justified in refunding at all, he should have refunded from all three of the funds.

But he could not do this without making an apportionment, and the statute confers no express authority upon the treas-urer to make an apportionment.

If no division of the territory had been made, the taxable, property of the territory constituting the district would have borne the burden practically according to its valuation. The same property, notwithstanding the division, should, we think, bear the same burden in the same way. The valua-tion was a matter of record, and nothing was necessary to make the apportionment but a mathematical computation. This we think the treasurer might have done. The power to do so, we think, is necessarily incident to the power expressly conferred to refund.

As opposed to this view it is urged that the power to make an apportionment is conferred upon the boards, jointly, of the several districts. Code, § 1715. That section provides in substance that in case of a division of a district township, whereby two or more district townships are constituted, the respective boards of directors shall immediately afterward make an equitable division of the then existing assets and liabilities. This not having been done it is insisted that it was not for the treasurer and is not now for the court to make a division.

So far as the refunding of the tax in question is concerned there was, we think, no liability within the meaning of the statute. The county was liable, possibly, but only so far as it has funds in its hands belonging to the districts carved out of the original district township. No liability could be as-serted by the taxpayers directly against the subdivisions. The provision, then, in regard to the division of the liabilities resting upon the original district township has, we think, no application to this case. We see no reason, then, why the treasurer, in the discharge of his ministerial duty of refund-ing the illegal taxes from the funds belonging to the school districts carved out of the original territory, might not make

the mathematical calculation necessary to determine how much should be refunded from each fund.

We come, then, to inquire whether, as the treasurer made a mistake, the plaintiff has any equitable claim upon the defendants. In our opinion it has. The treasurer was charged by law with the duty of refunding a portion of the tax from the funds belonging to the defendants. By mistake respecting his duty he refunded the whole from funds belonging to the plaintiff. By reason of that mistake the defendants have received, or will receive, from the treasurer more funds than they were entitled to. A court of equity, it appears to us, has the power to rectify the mistake and properly adjust the burden by compelling a contribution.

2. ——: ——: contribution.

But it is said that no action will lie until after a demand has been made upon the defendants, and that the petition shows no such demand.

Section 1733 of the Code provides that "the board of directors shall audit and allow all just claims against the district   *     *     *     *   , and that no order shall be drawn on the treasury until the claim for which it has been drawn has been audited and allowed." The claim in question could be properly paid only by an order drawn upon the treasury, but as no such order could be properly drawn until the claim had been audited and allowed by the board, and as the board could not be expected to audit and allow the claim until it had been presented, it appears to us that a presentation of the claim was a condition precedent to a right of action. The action, then, was premature, and we must hold that the demurrer was properly sustained, but under the views above expressed it would be the duty of the defendants' boards, upon presentation to them of the respective claims against the districts, to audit and allow them if the facts stated are true; and if they refuse, upon due presentation, the plaintiff, we think, may maintain an action.

AFFIRMED.