| 58 | 125 |
|-----|------|
| 125 | 294 |
| 58 | 125 |
| 133 | 639 |

## CASSIDY v. THE COUNTY OF PALO ALTO.

1. **Costs:** JUSTICE COURT: CRIMINAL ACTION: COUNTY. A justice of the peace may legally tax the costs in a criminal prosecution, dismissed by him before final trial, for the reason of the failure of the prosecuting witness to appear and prosecute, to the State to be paid by the county.

2. ——: ——: WITNESS FEES. In such case upon the refusal of the board of supervisors to allow the same, a witness called for the prosecution may sue the county and recover his legal fees.

3. **Practice in the Supreme Court:** ABUSIVE MATTER IN ARGUMENT. Scurrillous and abusive matter in an argument will be stricken out and no costs allowed therefor.

*Appeal from Palo Alto Circuit Court.*

THURSDAY, APRIL 20.

THE plaintiff alleges in his petition that he was duly subpœnaed to give evidence in a criminal prosecution before a justice of the peace, against Thomas Hindman, for assault and battery, and that, in obedience to said subpœna, he appeared, was sworn, and testified in said cause. That on the hearing Thomas Hindman was discharged, and the costs were taxed to Palo Alto county. That plaintiff is entitled to one dollar and ten cents for two days attendance and one mile travel, the claim for which was duly presented to the board of supervisors and payment was refused. The defendant answered as follows: "That on the 7th day of March, 1881, one H. A. Pike filed before Thomas Moncrief, a justice of the peace, an information charging that on the 6th day of March, 1881, one Thomas Hindman committed the crime of assault and battery on said Pike, that said Hindman was arrested, brought before the said justice, and a trial had to a jury, which failing to agree was by the justice discharged, and the cause by the consent of the parties, adjourned until March 14, 1881; that on the 14th day of March, the defendant appeared, but the prosecuting witness failing to appear and prosecute, the cause was dismissed

on motion of defendant for want of prosecution, and the costs of the cause taxed by the justice to the State to be paid by the county, amounting to over $20.00; that said justice of the peace had no right or authority to tax the costs of said proceeding to the State of Iowa, to be paid by Palo Alto county; that both the prosecuting witness and the defendant were abundantly responsible, and a judgment for costs against either could have been collected on execution; that by reason of the premises defendant is not liable to the plaintiff for his witness fees in attending upon the trial of said case. To this answer the plaintiff demurred. The demurrer was sustained. The defendant elected to stand upon its answer, and judgment was rendered for the amount claimed. The defendant appeals.

*Soper & Crawford*, for the appellant.

*George H. Carr* and *P. O. Cassidy*, for appellee.

DAY, J.—The trial judge certified the questions upon which it is desirable to have the opinion of the court, as follows:

" 1. When a criminal prosecution is instituted in the justice court, but before final trial of the defendant the case is dismissed by the justice, on account of the failure of the prosecuting witness to appear and prosecute the defendant, can the justice legally tax the costs in the case to the State to be paid by the county?

1. COSTS : justice court : criminal action : county.

"2. In the case last above stated, can a witness, called for the prosecution, sue the defendant (Palo Alto county) and recover his legal fees for attending before the justice, both the complaining witness and the defendant being solvent?"

I.   The first question certified presents simply the question of the legal power of a justice to assess the costs of a criminal prosecution to the county, in any case where the case is dismissed on account of failure of the prosecuting witness to appear.

When a criminal proceeding is dismissed it is evident that no judgment for costs can be entered against the defendant.

If, then, the parties attending the trial as witnesses can recover anything for their services, the recovery must be against the county or the prosecuting witness. Section 4691 of the Code provides that when the defendant is acquitted, the justice shall, if he is satisfied that the prosecution is malicious or without probable cause, tax the costs against the prosecuting witness, and render judgment therefor. But before the justice is authorized to render judgment for the costs against the prosecuting witness, he must be satisfied that the prosecution is malicious or without probable cause. Now, it does not follow, we think, that a justice must, as matter of law, be satisfied that the prosecution is malicious or without probable cause, simply from the fact that the prosecuting witness fails to appear. A variety of causes may render it impossible or impracticable to appear at the time set for hearing. The failure to appear and prosecute, instead of proving, would rather tend to disprove the existence of malice. In this case it appears from the answer that there was one jury trial, and that the jury disagreed. The fact that the case was so close as to result in a disagreement of the jury, tends, in some degree at least, to show that the prosecution was not without probable cause. The justice, under the circumstances of this case, may not have been legally satisfied that the prosecution was either malicious or without probable cause. And, if not so satisfied, he was not authorized to tax the costs to the prosecuting witness. Section 3814 of the Code provides that for attending before the grand or trial jury, or court, in criminal cases, where the defendant is adjudged not guilty, the fees of witnesses for attending the district or justice's court shall be paid by the county, upon a certificate of the clerk or justice showing the amount of the services to which they are entitled. No specific provision seems to be made for a case where the prosecution is dismissed. Section 4691 refers to a case wherein the defendant is acquitted, as does also section 3814. It could not, however, have been intended, that, if from any cause the prosecution should be dismissed, no costs

should be recovered. And yet, if in such case, no recovery can be had against the county, under section 3814, it follows that no recovery can be had against the prosecuting witness under section 4691. A dismissal of the prosecution is, so far as the case in hand is concerned, equivalent to an acquittal or an adjudication that the defendant is not guilty, and brings the case within the spirit of sections 3814 and 4691. The first question submitted must be answered in the affirmative.

II. Where the costs of a criminal prosecution have been properly assessed against the county, and the board of super-2. ——: ——: visors refuse to allow and pay the claim of a party witness fees: entitled to costs, it needs no argument to show that an action may be maintained against the county therefor. In such case the solvency of the prosecuting witness and the defendant is not material. The solvency of the prosecuting witness and the defendant would not render them liable for costs properly taxed against the county, or relieve the county from liability. The second question presented must also be answered in the affirmative.

III. The appellant filed and submitted, with the case, a motion to strike from appellee's argument a part of the second 3. PRACTICE: and third pages, on account of its alleged unpro-abusive matter in argument. voked scurrility and abuse. The portion of appellee's argument thus assailed falls very far below the courtesy and dignity which should characterize forensic discussions, and inaugurates a practice which, in justice to the profession and to ourselves, we feel that we are called upon to condemn. The motion of appellant is sustained, and one page of appellee's argument is stricken out, for which no costs will be allowed. The judgment of the court below is

AFFIRMED.