GREEN v. THE TOWN OF SPENCER.

1. **Cities and Towns:** ACTION AGAINST FOR TORT: PRESENTATION OF CLAIM TO COUNCIL AS CONDITION PRECEDENT. There is no rule of common law nor provision of statute making it necessary, as a condition precedent to a right of action against a city or town upon a claim arising by reason of a tort, that the claim should be first presented to the city or town council. *District Twp. of Spencer v. District Twp. of Riverton*, 56 Iowa, 85, distinguished, as relating only to claims arising upon contract.

*Appeal from Clay Circuit Court.*

WEDNESDAY, DECEMBER 9.

ACTION to recover for a personal injury which the plaintiff, Margaret Green, alleges that she sustained by reason of a defective sidewalk. She averred the negligence of the town in allowing the sidewalk to become defective, the knowledge of its officers that it had become defective, and her own freedom from contributory negligence. She did not, however, aver that she presented her claim, before bringing action, to the town council. For want of such averment the defendant demurred to her petition, and the demurrer was sustained. She elected to stand upon her petition, and judgment was rendered against her for costs. She appeals.

*Hall & Steele,* for appellant.

*Parker & Richardson,* for appellee.

ADAMS, J.—The question presented is as to whether it is necessary as a condition precedent to a right of action against an incorporated town or city, upon a claim arising by reason of a tort, that the claim should be presented to the council of the town or city. In our opinion it is not. No case has been cited to us in which it has been so held, and we are not aware that in all the numerous cases of this kind brought against an incorporated town or city, and appealed to this court, it has been thought necessary by any plaintiff to aver that before bringing action he presented his claim to the town or city council. If we should now hold that such presentation is necessary as a condition precedent to a right of action, it appears to us that the profession would be greatly surprised, and it may be that not a few important rights would be lost. We should hesitate, therefore, to adopt the rule which the defendant contends for, even if the reasons for doing so were somewhat stronger than they are. But, when we come to look at the reasons urged for adopting it, we find them unsatisfactory. It is not contended that there is any common-law rule which required such presentation, nor is it contended that there is any statute which expressly requires it. The statute relied upon is section 489 of the Code, which is in these words: "All ordinances and resolutions, or orders for appropriation or payment of money, shall require for their passage or adoption the concurrence of a majority of the trustees of any municipal corporation." The defendant also relies upon a provision in chapter 146 of the Acts of the Eighteenth General Assembly, " that, in incorporated towns, ordinances, resolutions, or orders for the appropriation or payment of money, shall require for their adoption the concurrence of four trustees, or three trustees and the mayor." The defend-

ant contends that the inference is that money can be paid out only upon the order of the council, and that, such being the case, the council should be called upon to make the order. Where money is to be paid out, it should doubtless be done in the mode which the statute provides. But the provision does not appear to us to go further than the mere matter of administration. We cannot think that it was designed to affect the rights of a claimant like the plaintiff.

The defendant cites *District Twp. of Spencer v. District Twp. of Riverton*, 56 Iowa, 85. But in that case the claim in question was of a very different character. It seems clear that by section 1783 of the Code the directors of a district township are made an auditing board. The provision is that "the board of directors shall audit and allow all just claims against the district." But the claims contemplated are those arising upon contract. The district is not liable for any other. *Lane v. District Twp. of Woodbury*, 58 Iowa, 462. The reasoning, then, employed in the case cited has reference to claims arising upon contract. Such claims arise in the course of the business of the corporation. If they are just, they would ordinarily require only such examination as is expressed by the word "audit." It would, for the most part, consist of the comparison of the claim with the vouchers. That class of claims is always properly the subject of audit, and, when made against a corporation, public or private, there should be some board, committee or person having the power to audit them.

Whether, in the absence of a statutory provision expressly constituting an auditing board, they must be presented as a condition precedent to a right to sue upon them, we need not determine, because the plaintiff's claim is not of that kind. It did not arise in the course of business, and is not the subject of "audit," in the proper sense of the word. The examination of such a claim may, and usually would, require the aid of experts and other means of determination, which would render the examination inconsistent with the

idea of an audit of the claim. There would not, it is true, be any objection to the presentation of such a claim. Its presentation might lead to its investigation and settlement. But this would be true of a claim made against a private corporation or individual. The possibility of a settlement upon presentation does not make presentation a condition precedent to a right of action. Where claims arise upon contract, and their correctness can be determined by accompanying vouchers, or by reference to books and papers, or by other means within the control of the party against whom the claim is made, the reason for their presentation is of a very different character. We are justified in holding upon slight grounds that such claims should be presented as a condition precedent to a right of action. In holding that presentation was necessary in this case we think that the court erred.

REVERSED.