## LABOUR v. POLK COUNTY.

1. **Counties:** LIABILITY TO CITIES FOR FEES EARNED BY SALARIED PO-
LICE JUDGE: WHO MAY SUE FOR: CONSTITUTIONAL LAW. Where a
city provided by ordinance, under chap. 56, Laws of 1878, that its police
judge should receive a salary of $1,000 per annum in full compensation
for his services, but that he should collect the fees allowed by statute,
and pay them into the city treasury, *held* that the police judge, though
he was paid a salary, could recover of the county such fees as the
county was liable for, under § 3806 of the Code, in criminal cases where
the prosecution failed, or where such fees could not be made from the
persons liable to pay the same, so far as such fees were earned and prop-
erly certified by him during his term of office, but that he could not
recover such fees earned by his predecessor in office, but certified by him-
self, he having no authority to make such certificate; *also* that the stat-
ute making the county liable to a city in such cases is not unconstitu-
tional, as imposing a tax on the people of the county for the benefit of
the city.

*Appeal from Polk Circuit Court.*

TUESDAY, MARCH 1.

THE plaintiff is police judge of the city of Des Moines.
He brought this action to recover from Polk county certain
fees in criminal cases where the prosecution failed, and in
cases where such fees could not be made from the persons
liable therefor. The answer of the county denies the indebt-
edness. There was a trial to the court on an agreed state-
ment of facts, and a judgment for plaintiff. Defendant
appeals.

*George F. McClelland,* for appellant.

*C. P. Holmes* and *Baylies & Baylies,* for appellee.

ROTHROCK, J.—The provisions of the Code to be construed
in determining the questions presented are as follows:
Section 543 provides that the police court shall have the
powers and jurisdiction of justices of the peace. "Sec. 544.
The police judge holding the police court shall be entitled to
receive, in all criminal cases prosecuted in behalf of the state,

the same fees, to be collected in the same manner, as a justice of the peace in like cases; and, in cases prosecuted in behalf of the city, such fees, not exceeding those for services of like nature in state prosecutions, as the council may by ordinance prescribe, and shall also receive such salary or compensation as the city council may in like manner prescribe." Sections 3804 and 3805 fix the fees of justices and constables. "Sec. 3806. The fees contemplated in the two preceding sections in criminal cases shall be audited and paid out of the county treasury in any case where the prosecution fails, or where such fees cannot be made from the person liable to pay the same; the facts being certified by the justice, and verified by affidavit." Section 1, ch. 56, Laws 1878, provides that cities of the first class "may provide by ordinance" for the payment of a salary to the police judges in lieu of fees provided by law. "Sec. 2. No such officer *shall receive* for his own use any fees or other compensation for his services, of such city, than that which shall be provided, as contemplated in section one of this act; but all such fees as are now or may hereafter be allowed by law for such service shall by such officers, *when collected*, be paid into the city treasury at such times and in such manner as may be prescribed by ordinance. Sec. 3.    *    *    * Provided, that the intent of this act is not to abolish any fees now allowed by law, but to require the same to be paid into the city treasury."

By an ordinance of the city of Des Moines, passed March 25, 1879, it was provided that the police judge should receive a salary of $1,000 per annum, which should be in full compensation for his services, but that the fees allowed by statute or ordinance should be collected as before, and, when collected, should be paid into the city treasury. Section 5 of the ordinance is as follows: "Any officer receiving any such fees shall pay the same into the city treasury on or before the first day of each calendar month after the same are received by him; provided, that all fees and costs paid

into the police court on account of any fees allowed by law to the police judge shall be paid to the police judge, and by him paid into the city treasury, and reported to the city council as above provided."

The first point insisted upon by appellant's counsel is that the plaintiff, the police judge, cannot recover the fees for his own term, because (1) he has been paid a salary for all his services in lieu of fees; (2) if the fees are collected, they are to go to the city treasury, and he is therefore not the real party in interest; (3) the law authorizing the payment of fees from the county treasury is unconstitutional.

The statute authorizing the city council to fix a salary for the police judge expressly provides that it was not intended to abolish fees then allowed by law, but to require the same to be paid into the treasury. It is the policy of the state to provide for the expense of enforcing its criminal laws. To some extent it does so by making provision for the payment of fees to justices and police judges, aiding in the enforcement of such laws. If the cities provide for salaries for the payment of its officers for duties performed in the enforcement of the criminal laws of the state, it is competent for the legislature to make provision for the reimbursement of the cities. This is just what the statute provides.

It is insisted, however, that the payment of such fees in criminal cases to the city is, to that extent, the imposition of a tax on the people of the county to be expended for the benefit of the city, and is therefore unconstitutional. We do not think this position tenable. The fees are provided, as before stated, to pay for the service of officers in the execution of the laws of the state, and it was intended by the legislature to reimburse the city for compensation paid by the city to its officers for services done on behalf of the state. We think the law is not in conflict with the constitution. These views are in harmony with *Des Moines v. Hillis*, 55 Iowa, 643. While it is true that the fees, when collected, are to be paid into the city treasury, yet the law makes it the duty

of the police judge to make the proper certificate and affidavits; (Code, §§ 544, 3806, 3843;) and chapter 56 of the Laws of 1878 contemplates that the fees shall first be collected by the police judge, and then paid into the city treasury "at such time and manner as may be provided by ordinance;" and the ordinance also specially directs that the fees shall be paid to the police judge, and, when received by him, paid into the city treasury. He is not only intrusted with the collection of the fees, but, under the statute and ordinance, it is his duty to collect them and to pay them, when collected, into the city treasury each month. We are of the opinion, therefore, that the police judge is a proper party plaintiff. But in so holding we do not determine that there might not be circumstances under which the city, or the representatives of the police judge, would be a proper party plaintiff for the collection of fees properly certified and presented to the board of supervisors.

A part of plaintiff's claim is for fees accruing during the administration of Police Judge Hillis, the predecessor of plaintiff, but it appears from the agreed statement of facts that Judge Hillis did not make the certificate and affidavits required by law. Appellee contends that, as the successor of Judge Hillis, he can make the certificates and affidavits required by sections 3806 and 3843 of the Code. Can he do so in the absence of a statute authorizing it? When the legislature enacted section 3806, it was intended to secure to the justice compensation for his services as justice, and we think, in the absence of any statute to that effect, his successor was not authorized to collect the fees from the county for him. The legislature intended that he should make the certificate and affidavit, and collect for himself the fees which were thus to become due him, and they constitute a personal claim against the county for his compensation. When the legislature used these words, "the facts being certified by the justice, and verified by affidavit," it meant some certain justice; and that could have been none other than the one

before whom the cases were tried, and to whom the fees were due as part of his compensation. When the statute extended such allowance of fees to the police judges, there was no change in the manner of their collection, or in regard to their personal character. When, afterwards, the statute of the state and the ordinance of the city provided a salary in lieu of the fees, it was still his duty to earn the fees, and collect them, as provided by law, and pay them into the city treasury. His successor in office is not authorized to make the certificate or affidavit required by statute, and is therefore not empowered to collect such fees. He has no interest in them, and is not personally charged with their collection as he is with the collection of fees earned by himself.

It appears from the agreed statement of facts that, during the term of office of plaintiff, there was due from Polk county, defendant, the sum of $1,508.50, for which he made the proper certificates and affidavits, and for which he made proper demand on the board of supervisors of said county. For this amount he should have judgment. But we think he is not entitled to recover for the fees which accrued and were earned during the term of his predecessor in office.

MODIFIED AND AFFIRMED.