TERRITORY *ex rel.* DONZELMANN, Attorney General, v. GRANT, Territorial Auditor.

(January 28, 1889.)

ATTORNEY GENERAL—APPROPRIATIONS.

Sess. Laws Wyo. 10th Leg. Assem. c. 90, § 10, provides "that the sum of $6,600, or so much thereof as may be necessary, be, and the same is hereby, appropriated out of any funds in the territorial treasury not otherwise appropriated to pay the contingent expenses of territorial offices for the two years next ensuing, as follows, to wit: * * * For the office of the attorney general of the territory, $600." *Held* that, the attorney general having been provided with offices free of rent in the capitol building, the auditor cannot be compelled to audit and allow out of such fund a claim incurred by the attorney general in the rental of other rooms.

Questions reserved and certified from district court.

Application of Hugo Donzelmann, attorney general, for *mandamus* to one Grant, territorial auditor. On the hearing of questions reserved and certified to the supreme court for determination, the writ was denied.

*Hugo Donzelmann, pro se,* for relator.
*Bryan, Seevers & Stewart,* for defendant.

SAUFLEY, J. The attorney general of the territory filed in the district court of the First judicial district his petition against the auditor of the territory for the writ of *mandamus,* to compel the latter to audit a claim of the former against the territory for expense incurred in the rental of rooms for an office for the use of the attorney general, and also to compel the auditor to issue his warrant upon the treasurer for the amount of the claim. It is alleged by the relator that the tenth legislative assembly made an appropriation of $600 as a contingent fund, to be used and expended by him as attorney general during the two years intervening between the 31st March, 1888, and 31st March, 1890,

and that the rental price of the rooms for his office is a necessary and proper expense, and should be liquidated out of the contingent appropriation. The auditor in his answer justifies his refusal to allow the claim and issue his warrant upon the alleged ground that the territory had, prior to the incurring by the attorney general of the obligation for rent, prepared and designated rooms in the capitol building for the use of the attorney general, free of rental or other charge, and contends that no rooms for an office, except those provided by the territory, are necessary to enable the relator to discharge his official duties. Other pleadings were filed by the parties, not varying, however, from the legal effect of the averments of the petition and answer. Pursuant to the act of March 9, 1888, the district court reserved and certified to this court for its decision three several questions arising upon the pleadings, of which, however, this court does not deem it necessary to respond to but one. That question is, "Has the auditor, defendant herein, discretionary power to allow and audit the claim involved in this proceeding?" The solution of this question depends upon section 10 of chapter 90 of the Session Laws of the Tenth Legislative Assembly, construed with reference to the uncontroverted allegation of the auditor, that rooms had been set apart in the capitol building for the use of the attorney general. Section 10 reads as follows: "That the sum of $6,600, or so much thereof as may be necessary, be, and the same is hereby, appropriated out of any funds in the territorial treasury not otherwise appropriated, to pay the contingent expenses of territorial offices for the two years next ensuing, as follows, to wit: For the office of the governor of the territory, $2,400; for the office of the secretary of the territory, $2,000; for the office of the attorney general of the territory, $600; for the office of the territorial auditor, $800; for the office of the territorial treasurer, $800." With reference to so much of the question as appertains to the discretionary power of the auditor to audit the claim, it may at once be answered that the duties of this office, as prescribed by law, do not allow him a discretion to audit or not, as he may choose, this or any other claim. He is charged, not only by law, but by the very nature of his office, with the duty of au-

diting or examining accounts, comparing charges with vouchers, and thereafter of allowing or rejecting charges and stating balances. "To audit" implies to hear, and upon the hearing to adjust, or to allow, or to reject, or otherwise decide, according to the nature of the claim. A *mandamus* will clearly lie to compel the auditor to act, or, in other words, to give audience. How far forth, if at all, a court can control his judgment or discretion, after audience given, is not necessary here to be decided, and for that reason is not decided. The nature of this case, and the limited scope of the question reserved, brings this court immediately to the point of considering the legality of the claim presented to the auditor. If that claim is clearly illegal, and is shown by the pleadings so to be, it is obvious that a court would in no form of procedure compel the auditor to allow it. While the form of the question propounded does not in terms seek the opinion of this court upon the legal aspects of the claim, yet, considering it in connection with other points which were reserved, and with the evident desire of counsel as shown by their argument, it may be stated succinctly that it is the opinion of this court that the claim, as presented by the attorney general, is not authorized by law. The appropriation of the sum of $600 for the office of the attorney general is not an absolute one. It is not independent of every extraneous circumstance or consideration. The maximum limit is $600; the minimum may be according to the necessities of the office. It can lawfully be expended only for those things which are necessary to enable the incumbent to discharge his official duties with reasonable convenience and comfort to himself. It is wholly unlike an appropriation to pay a salary. The officer may do as he pleases with his salary. It is a right in gross. But the contingent fund, as the phrase implies, is to be used in such contingencies and for such purposes only as may make the use proper. In the case at bar it sufficiently appears that the territory has incurred the expense of constructing a capitol building, with apartments and accommodations for the heads of the several departments of the government. These apartments have been designated and set apart for use and occupancy. If those who are entitled to use them decline to do so, they must, in the present state of the law, furnish apartments at their own proper expense. It results, therefore, that the claim, being one not properly chargeable to the territory, the auditor, even if his discretion could be controlled, (which it must be understood we do not affirm,) cannot be required by any form of procedure to allow it.