92   701
133  640

WM. HEGELE, Appellant, v. POLK COUNTY.

Fees: Recovery From County. Plaintiff presented a paper to the county board which recited that certain constables had paid to certain persons a sum named, as compensation for guarding liquors seized on search warrant. The paper also contained a statement that the rights of the constables and certain fees due the justice, in the premises, were assigned to plaintiff. The certificate of the district judge says that the paper "was certified and duly verified by law required by said Stahl, J. P." Held, there could be no recovery because the paper was not an account against the county, the certificate of the justice is insufficient, and because it is a claim for money advanced by plaintiffs rather than one based upon an assignment of what was actually due the officers from the county. See Code, 3806, 3843.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

SATURDAY, DECEMBER 15, 1894.

ACTION at law to recover of the county certain fees said to have been earned by plaintiff's assignors as justice and constable and watchman of certain property taken under a search warrant. From a judgment for defendant, plaintiff appeals.—*Affirmed*.

*A. A. Haskins* for appellant.

*C. C. Dowell* and *W. G. Harvison* for appellee.

DEEMER, J.—The amount in controversy being less than one hundred dollars, the trial judge made the following certificate:

"In September, 1892, an information was filed in the office of one F. W. Dodson, a justice of the peace of Des Moines township, in said county, alleging that intoxicating liquors were kept at a place therein described, in violation of law, upon which a search warrant was issued by said J. P., and placed in the hands of W. H. H. Garrett, constable, who seized thereunder one hundred and seventy-nine cases and two hundred and seventy-five kegs of beer. At the proper time, the Oberman Brewing Co. claimed said beer, and obtained a change of venue to C. W. Stahl, another J. P.; and said Garrett thereupon delivered the possession of said beer to J. A. McMillan, constable attending said Stahl's court. Upon a hearing of said cause, said justice ordered said liquor turned over to said Oberman Brewing Company. Shortly after the seizure of said beer, said Garrett had a conversation with one Otto Manger, in whose building said beer was seized, wherein said Manger requested the constable not to remove said liquor from said icehouse, but to employ watchmen to guard the same, and agreed, if he would so do, that he (Manger) would pay said watchmen. Thereupon said Garrett employed Richard Cowan and J. S. Hoffmeir, one of whom was in constant attendance guarding said beer. This arrangement continued after the delivery

of said beer to McMillan. Upon the discharge of the beer, plaintiff in this action, at the procurement of said Manger, paid to the constables the money due said Cowan and Hoffmeir for guarding said liquor, the fees claimed by said Justice Stahl and said constable Mc- Millan, and took an assignment to himself of said fees, as appears from the claims filed with the defendant board of supervisors. Sebsequently there was presented to the board of supervisors of said county a paper in the words and figures following to wit:

" 'In Justice Court, before C. W. Stahl, J. P. State of Iowa v. Certain Liquors, and Otto Manger, J. A. McMillan, and W. H. H. Garrett, Constables, in Account with Richard Cowan and J. S. Hoffmeir. Septem- ber 30, 1892. To (9) nine days guarding liquors seized, to Richard Cowan, at $2.00 per day, $18,00; to (9 1-2) nine and one half days guarding liquors seized, to J. S. Hoffmeir, at $2.00 per day, $19.00. Received of J. A. McMillan and W. H. H. Garrett the full amount of above bill.

" 'RICHARD COWAN.
" 'J. S. HOFFMEIR.

" 'For value received, I hereby assign to William Hegele all my fees in above case, including above bills and $4.10, my other fees.

" 'J. A. McMILLAN, Constable.

' "For value received, I hereby assign within bills to Wm. Hegele.

" 'W. H. H. GARRETT, Constable.

' "For value received, I hereby assign all my fees in above case, amounting to $5.50, to Wm. Hegele, this first day of October, 1892.

" 'C. W. STAHL, Justice Peace.'

"Which paper was certified and duly verified, by law required, by said Stahl, J. P. The said board having refused to allow or pay any portion of said bill, this action was brought, and the foregoing facts set out in

plaintiff's petition; and plaintiff demands judgment for all of said sums advanced by him. It is admitted that the amounts charged for guarding said liquors are reasonable, and the other fees of said Stahl and McMillan are the statutory and lawful fees, and no claim is made that plaintiff has ever parted with whatever right of action he had in the premises.

"The above and foregoing is a complete recitation and finding of all the material facts, and all the facts, connected with this cause, and no presumption of fact existed or exists against the right of plaintiff to recover herein, except as is expressly set forth in the foregoing certificate and finding of facts.

"(2) And I further certify that the following questions of law are involved in said causes, and that it is desirable to obtain the opinion of the supreme court thereon, to wit: *First.* Did said paper filed with said board of supervisors constitute such a claim against the county as that, under sections 1547, 3806, 3807, and 3843 of the Code, an action can be maintained against the county thereon for either of said items, namely: Richard Cowan, $18; J. S. Hoffmeir, $19; J. A. McMillan, Con., $4.10; C. W. Stahl, J. P., $5.50. *Second.* Under the arrangement between said Manger and said constables, as before stated, and in view of the payments made as herein shown, has the plaintiff a cause of action against Polk county for the money so advanced and paid by him?"

The first question presented for our consideration is, did the paper filed with the board constitute a sufficient claim, under sections 3806 and 3843 of the Code? Sections 3806, in substance, provides that the fees of justices and constables in criminal cases shall be audited and paid out of the county treasury where the prosecution fails, or where such fees can not be made from the person liable to pay the same, "the facts being certified by the justice, and verified by affidavit." Section 3843 provides: "In all cases

where fees or compensation, as distinguished from a certain and fixed salary, are by the provision of this title, to be paid any officer or other person out of the county or state treasury, no part of the same shall be audited or paid, until a particular account has been filed in the auditor's office of the county or state, verified by affidavit, and showing clearly for what services such fees or compensation are claimed, and when the same was rendered." The paper filed was not an account against the state or county It was, first, an an account of Richard Cowan and J. S. Hoffmeir against J. A. McMillan and W. H. H. Garrett, as constables, which was receipted as being duly paid by the persons against whom it was rendered; and, next, it was an assignment by the constables of fees in a certain case in justice court before C. W. Stahl, justice of the peace, and by the justice of the peace of certain alleged fees, said to amount to five dollars and fifty cents, in the same case. This paper is said to have been certified and duly verified by Stahl, according to law. We do not know just what to infer from this statement. Whether certain fees had been earned by him and the constables, and that he verified the same, or whether he certified that an account of Cowan and Hoffmeir against the constables had been paid, and that the constables and justice had assigned their fees in a certain case to the plaintiff, we are unable to determine. If we are to indulge in presumptions, then it would seem reasonable to conclude that he certified to and verified the statements found in the paper. If this be true, then no account has been filed in the auditor's office, as required by the section above quoted. The paper filed was simply evidence of the assignment of a claim against the county, and not a claim in itself; and, on such a showing, a warrant could not issue. These statutes have been somewhat strictly construed. It was held in *Labour v. Polk Co.*, 70 Iowa, 568, 31 N.

W. Rep. 873, that the claims for fees of a justice must be verified by himself, and that his successor can not make the certificate and verification required. The law is not only a check upon the officials who are charged with the duty of auditing and paying claims presented against the municipality, but a protection to the public as well; and we think that, at least, a substantial compliance with its provisions is required. Authorities are cited under section 2610 of the Code, which provides that no action shall be brought against the county on any unliquidated demand until the same has been presented to the board of supervisors and payment demanded. But, as the question presented by the certificate does not involve a construction of this statute, we need not review the cases referred to. The first question presented, then, although somewhat obscure, must be answered in the negative.

The second question presented is even more peculiar than the first. It is very clear that the plaintiff has no cause of action against the county for money paid or advanced by him to the constable or justice. His claim, if any, is as assignee of these officers for fees earned by them for services in a case in which the costs were taxed to the county; and the measure of his recovery, in any event, is not the amount of money advanced by him to procure an assignment of the claims, but the amount of the valid claims held by these officers, and assigned to plaintiff. Notwithstanding the doubtful, uncertain, and equivocal character of this certificate, we have considered the questions presented, and are of opinion that both of them should be answered in the negative, and the judgment AFFIRMED.