VICTOR A. CLEMENT *vs.* CITY OF LEWISTON.

Androscoggin.    Opinion December 10, 1902.

*Physician—Compensation. Board of Health. Municipal Officers. Evidence. Auditing. Stat. 1887, c. 123, § 5.*

Where the plaintiff made a claim for services as a physician attending smallpox patients, and was so employed by the defendant's board of health, but no specific compensation was agreed upon, the presiding justice instructed the jury that if the municipal officers "failed to make any regulation or auditing of his (plaintiff's) account at the time, and there being, when these services were performed, no regulations touching the fees and charges to which this plaintiff might be entitled, then the plaintiff is entitled to recover a reasonable compensation." *Held;* that this ruling was correct.

The action of the municipal officers after plaintiff's services were rendered in attempting to fix the compensation, is not admissible in evidence in such a case.

Also an offer to prove amounts previously paid to others for similar services would be rightly excluded. Such payments may have been made under express contracts, or been the result of a compromise, or rendered under peculiar and exceptional circumstances. They cannot be regarded as a criterion for the compensation to which plaintiff is entitled in this action.

*Held;* that the secretary of the board of health had authority under their rules and regulations to employ the plaintiff.

On exceptions by defendant. Overruled.

This was an action of assumpsit by the plaintiff to recover for professional services, as a physician, in attendance upon small-pox patients, under employment by the board of health of the city of Lewiston, in June and July, 1901.

The writ contained a common count, for fifty-one day's services from June 2, to July 22, both inclusive, at thirty dollars per day, amounting to $1530; and a quantum meruit for the same amount.

Upon trial the jury returned a verdict for the plaintiff in the sum of $1212. It was not denied that these services were performed by the plaintiff and that he was employed by the local board of health, with the knowledge of the municipal officers. But the defendant contended that it was incumbent upon the plaintiff, under chap. 123, § 5, of the Stat. of Maine, 1887, to show as a condition precedent to his recovery, that either the municipal officers had neglected or refused to regulate and audit plaintiff's fees and charges prior to the rendition of said services, or that their action in so doing had been corrupt.

Upon objection of the defendant, the court ruled and so instructed the jury, in substance, that the municipal officers had the power to make a schedule of fees prior to the rendition of said services and that if so done this would limit the fees recoverable by the plaintiff; but, that if they failed so to do, there being no regulation touching said fees, the plaintiff would be entitled to recover a reasonable compensation.

Chapter 123 of the Stat. of 1887 provides for local boards of health throughout the State. Section 7, clause 5, of that chapter provides that the local board has the power "to make, alter or amend such orders and by-laws, as they shall think necessary and proper for the preservation of life and health and the successful operation of the

health laws of the State, subject to the approval of any justice of the Supreme Judicial Court." In conformity to this law the local board of health for the City of Lewiston was organized and thereupon adopted by-laws approved by a member of the Supreme Court.

The relevant section of these by-laws is as follows:  "Sec. 13, The board of health or the secretary thereof, may employ and hire such help, as is necessary for carrying into effect any of the orders or regulations of said board."  Under the various provisions of statute and in conformity to the by-laws of the board of health, the plaintiff was hired by the secretary of the board, with the consent of the local board of health and the knowledge of the municipal officers of the city of Lewiston, to attend small-pox patients for the defendant, in June and July, 1901.

The other facts appear in the opinion.

*F. X. Belleau and D. S. Williams; W. H. Newell and W. B. Skelton,* for plaintiff.

*D. J. McGillicuddy and F. A. Morey; A. T. L'Heureux,* City Solicitor, for defendant.

SITTING:  WISWELL, C. J., STROUT, POWERS, PEABODY, SPEAR, JJ.

STROUT, J.    The plaintiff claims to recover for professional services as a physician in attendance upon small-pox patients in June and July, 1901. No specific sum was agreed upon for his compensation.    He was employed by the secretary of the board of health of Lewiston.

Chapter 123, § 5, of the laws of 1887, provides that the municipal officers "shall regulate and audit all fees and charges of persons employed by each board of health, in the execution of the health laws and of their regulations."    Defendant claims that it was a condition precedent to plaintiff's right to maintain the action, that the municipal officers had discharged this duty, or to show an attempt upon his part to have them do so.

The presiding justice instructed the jury that if the municipal officers "failed to make any regulation or auditing of his (plaintiff's) account at the time, and there being, when these services were per-

formed, no regulations touching the fees and charges to which this plaintiff might be entitled, then the plaintiff is entitled to recover a reasonable compensation." Exception is taken to this instruction.

The ruling was correct. The municipal officers could have fixed the fees before the services were rendered—and if they had done so, and it was known to the plaintiff, his rendition of services after that would be regarded as an acceptance of the terms made by the municipal officers, and his right to recover would be limited to that. In the absence of such action by them, for any services rendered by the plaintiff under a legal employment, the city impliedly promised payment therefor of a reasonable sum.

The right to "regulate" fees should be exercised, if at all, before the services are rendered. To "audit" charges, in bills rendered, does not mean to determine their amount in the sense of binding the other party. To audit is—"an examination in general"; "an examination of accounts"; "compare the charges with the vouchers." Webster. Upon such auditing the bill would be approved or rejected. If rejected, it would not preclude recovery if plaintiff had a meritorious cause of action. Such auditing cannot be regarded as a condition precedent to recovery. Plaintiff's rights did not depend upon approval of the municipal officers. The cases cited by defendant do not apply. In them the terms of the contract required certain things to be done before action brought; they were made conditions precedent. This statute gives certain authority to municipal officers, and imposes a duty upon them—but it is directory. It does not make it the duty of the plaintiff to procure their action before enforcing his claim.

The offered evidence of the action of the municipal officers after plaintiff's services were rendered, in attempting to fix the amount of his compensation, was rightly excluded. One party to a contract, after performance by the other, cannot determine the amount of compensation without the consent of the latter.

The authority of the secretary of the board of health to employ the plaintiff is expressly conferred by their rules and regulations contained in the ordinances of Lewiston, which were duly approved by a justice of this court, as required by law.

The offer to prove amounts paid by the city for similar services in previous years, to other physicians, was rightly refused. Such payments might have been upon express contracts, or been the result of a controversy or compromise, or have been rendered by physicians of small experience, or limited skill or reputation, or under peculiar and exceptional conditions. It would be unsafe and might be unjust to adopt them as a criterion for the compensation to which plaintiff is entitled.

*Exceptions overruled.*