E. H. McGuire, Appellant, v. Iowa County, Iowa.

Costs in criminal cases: JUDGMENT FOR. Formal judgment for
1  costs against a county or State in a criminal action is not
essential to their allowance by the board of supervisors.

Same: CLAIMS FOR COSTS: PROOF OF SAME. Before a board of
2  supervisors is authorized to allow costs in an unsuccessful
criminal case and before action therefor can be maintained,
there must be, in addition to the certificate of the justice, an

affidavit setting forth the fact that the prosecution failed by reason of a discharge of defendant or failure to make the arrest; or, that the same cannot be collected from the defendant, and that the claimant has earned and is entitled to the fees taxed in his favor; and this requirement is not satisfied by a mere jurat annexed to the justice's certificate as to costs.

**When fees are not allowable.**  A constable is not entitled to expenses in serving a warrant of arrest, nor a justice to a fee for entering judgment, where the prosecution is dropped owing to failure to acquire jurisdiction and no judgment can be entered.

**Taxation of costs by justice:**  ADJUDICATION.  The taxation of costs by a justice of the peace in a criminal case is not an adjudication binding the county to pay the same.

**Best evidence.**  In proof that claims were filed against a county for fees in criminal cases, the testimony of claimant is objectionable, as not the best evidence.

**Criminal costs:**  EVIDENCE OF GOOD FAITH.  In an action by an officer against a county for fees in a criminal case, contested on the ground that the same were not incurred in good faith, evidence of statements made by claimant as to his reason for desiring appointment to the office and the information and claims filed by him for fees in other cases, are admissible as bearing on the good faith of plaintiff in incurring the costs.

**Pleading:**  MOTION TO STRIKE:  HARMLESS ERROR.  Any error in ruling on a motion to strike averments which plead simply evidence is without prejudice.

*Appeal from Iowa District Court.*— HON. O. A. BYINGTON, Judge.

MONDAY, MARCH 11, 1907.

ACTION for fees and expenses as constable.  Judgment for the defendant.  The plaintiff appeals.— *Affirmed.*

*Tom H. Milner,* for appellant.

*Yoss & Wallace,* for appellee.

LADD, J.— The plaintiff was constable of Marengo township, in Iowa county, from January 24, to December 31, 1902, and during the same period served as deputy game

warden. Very naturally he turned his attention to the protection of fish and fowl, and though his success was not such as to encourage the hope of vindicating the law by vigilance, on paper he was not lacking in due appreciation of the services rendered the public. The board of supervisors of Iowa county, however, not sharing therein, rejected his claim for mileage and expenses in attempting to serve 19 warrants in as many different cases where those accused were not found, and for these, including fees for service of warrants and subpœnas, in two cases where defendants were arrested but discharged owing to defects in the informations. As fees in each case were made the subject of a separate count, and to better illustrate the vigilance of this enterprising official, we set out a table exhibiting the date of each information, name of the accused, nature of charge, name of justice, and the amount of costs taxed in favor of plaintiff:

| Date. | Name of Assured. | Offenses. | Justices. | Mileage. | Expenses. |
|---|---|---|---|---|---|
| Apr. 15 | Conrad | Resisting officer | Torrence | $ 1 50 | $ 3 50 |
| July 10 | Mitchell | Intoxication | Thompson | 2 10 | 13 37 |
| July 12 | Roe | Dynamiting fish | Leasure | 27 95 | 20 64 |
| July 12 | Doe | Dynamiting fish | Leasure | 21 05 | 13 95 |
| Aug. 9 | Wilson | Killing quails | Van Horn | 3 50 | 1 96 |
| Sept. 27 | Evans | Not shown | Torrence | 6 40 | 4 75 |
| Sept. 27 | Lune | Killing quails | Wilson | 4 00 | 1 75 |
| Sept. 27 | Dilley | Killing game birds | Wilson | 1 40 | 75 |
| Sept. 27 | Wilson | Possession of seine | Thompson | 2 50 | 1 46 |
| Sept. 27 | Thompson | Possession of seine | Thompson | 4 25 | 2 09 |
| Sept. 27 | Palmer | Possession of seine | Thompson | 4 60 | 3 12 |
| Sept. 27 | Pierce | Possession of seine | Thompson | 3 20 | 2 44 |
| Sept. 27 | Morgan | Killing quails | Torrence | 4 40 | 2 70 |
| Sept. 28 | Doe | Larceny | Van Horn | 101 50 | 76 16 |
| Oct. 9 | Williams | | Van Horn | 6 00 | 3 30 |
| Oct. 9 | Collins | Hunting without license | Van Horn | 5 00 | 3 20 |
| Oct. 9 | J. D. Heinan | Killing quails | Van Horn | 1 85 | |
| Oct. 9 | Wilson | Killing quails | Van Horn | 3 50 | 1 96 |
| Oct. 9 | G. Heinan | Killing quails | Van Horn | 4 00 | 4 24 |
| Oct. 24 | Brown | Killing quails | Thompson | 5 60 | 2 49 |
| Oct. 24 | Phipps | Killing turtle doves | Van Horn | 3 35 | 2 35 |

The county demurred to each count of the petition, and the demurrer was sustained to all save two counts. The issues in these two were submitted to the jury, and a verdict returned against the plaintiff.

The demurrer raised two questions: (1) Whether the

fees were properly taxed, and (2) whether they were properly certified and sworn to when presented to the board of supervisors.

I.   The costs were taxed in each case to the State or county, but no formal judgment was entered.   Nor was this necessary.   Such a judgment, if entered, could not be enforced save by presenting claims for the fees taxed to the board of supervisors of the county for allowance, and, if this were refused, by suing the county therefor.   The proper costs should be taxed in favor of those entitled thereto, even though the accused be discharged.   *Cassidy v. Palo Alto Co.,* 58 Iowa, 125. But formal judgment against the State or county for the costs is not essential to having them audited by the board of supervisors.

1. Costs in criminal cases: judgment for.

II.   The claims presented were transcripts from the justices' dockets, to each of which was attached a certificate " that the foregoing is a true statement of the proceedings of said cause, and costs therein mentioned are now due from Iowa county."   This was signed by the justice and sworn to before the auditor, but was not accompanied by an affidavit.   Sections 4598 and 4599 of the Code fix the fees of justices and constables, and the section following provides that:   " The fees contemplated in the two preceding sections, in criminal cases, shall be audited and paid out of the county treasury in any case where the prosecution fails or where such fees cannot be made from the person liable to pay the same, the facts being certified by the justice and verified by affidavit."   No transcript of the dock entries is required.   Nor is the certificate of the justice enough.   To better shield the treasury against unjust claims, an affidavit also is required.   This certificate and affidavit must be of the " facts."   What facts ?   Manifestly those essential to enable the board of supervisors to audit the claims.   These are that a prosecution instituted failed owing to the discharge of the accused or the failure to

2. Same: claims for costs; proof of same.

serve the warrant of arrest, or that it was successful, and the costs cannot be collected from the person convicted; and, further, that the claimant has earned, and is entitled to, the fees taxed in his favor, and, in event of conviction, cannot be collected of the defendant. Here the certificates were merely that the transcripts were a true statement of the proceedings. Technically, there is no cause pending until the defendant is taken into custody, and therefore none to dismiss. The prosecution did not fail owing to any dismissal entered, but, if at all, because of the omission to arrest the accused and bring him within the jurisdiction of the court. This was shown by the transcripts; it appearing from most of them that the warrants with the constable's return thereon were sent to the justices by mail. This sufficiently indicated the failure of the prosecution. The transcripts also showed the taxation of the costs claimed by plaintiff. These were taxed from the officer's returns; but the certificate in no way declares them to have been earned, or that plaintiff is entitled to them, save by saying they are due from the county.

This was not true as to a large part of them, for the statute does not allow a constable expenses incurred in serving a warrant of arrest, nor the justice a fee for entering judg-

3. When fees are not allowable. ment, when none can be entered because of the prosecution being dropped, owing to the failure to acquire jurisdiction over the accused. It is not the liability of the county to which the justice is to certify, but to the facts which will enable the board of supervisors to determine such liability. To this end, not only a certificate of the justice is exacted, but an affidavit as well. This affidavit may be made by the justice, the claimant, or any other person knowing the facts. See *Hegele v. Polk County*, 92 Iowa, 701; *Labour v. Polk County*, 70 Iowa, 568. It is essential, however, to the consideration of a claim for constable or justice fees in such cases by the board of supervisors, before an action can be maintained therefor. A mere *jurat* annexed to the certificate of the justice was not an

affidavit.  Section 4673, Code; *Averill v. Boyles,* 52 Iowa, 672; *Crenshaw v. Taylor,* 70 Iowa, 386.  The ruling on the demurrer was correct.

III.-  Plaintiff's claims for mileage in the cases against Roe and Doe for dynamiting fish were submitted to the jury. It appeared from the evidence that one Hughes had told

**4. Taxation of costs by justice: adjudication.** him he had heard an explosion in the Iowa river at about the time and place one Williams said he had seen two men down on the river.  With this evidence only, he filed the informations, and, as he testified, visited Cedar Rapids several times, Waterloo three times, Marion, Iowa City, West Union, Cedar Falls, and Coralville.  The justice taxed up costs in his favor in each case, and appellant contends this was an adjudication.  In *Climie v. Appanoose County,* 125 Iowa, 294, the taxation of witness fees in the district court was held conclusive as against the county.  The same rule does not obtain in the justice court, for the statute we have quoted expressly provides that the fees of justices and constables " shall be audited and paid out of the county treasury."  The statute there construed provided that the witness fees " shall be paid by the county upon a certificate of the clerk or justice showing the amount of services to which they are entitled."  This is made conclusive evidence of the county's liability.  Section 4600 of the Code, heretofore quoted, confers on the board authority to audit the claims of justices of the peace and constables, for fees.  To " audit," as here used, means to hear or examine the account or claim, and implies the power to adjust or allow or reject, or otherwise decide, according to the nature of the claim.  *People v. Barnes,* 114 N. Y. 317 (20 N. E. 609, 21 N. E. 739); *Territory v. Grant,* 3 Wyo. 241 (21 Pac. 693); *Green v. Town of Spencer,* 67 Iowa, 410; *Cobb County v. Adams,* 68 Ga. 51; *Clement v. City of Lewiston,* 97 Me. 95 (53 Atl. 984).  Conferring such authority on the board of supervisors is inconsistent with the thought that there has been an adjudication by the

justice, and the taxation by him cannot be regarded as such.

IV. Several rulings on the admissibility of evidence are complained of. Plaintiff was asked: " Did you file your claim itemized and verified with the auditor of this county ? " The objection of incompetency and not the best evidence was rightly sustained. The claim as presented was the best evidence of whether it was itemized and verified, and an answer, if allowed, would have been his conclusion only.

5. BEST EVI-
DENCE.

J. B. Murphy was asked to " state what that conversation was you had with him (plaintiff) with reference to his appointment as constable." An objection as incompetent and immaterial was rightly overruled, as the answer demonstrated. He answered that plaintiff had applied to him for recommendation for appointment as constable. That he had responded: " What do you want of it? There is nothing in it." To which plaintiff replied: " There might be. There are a good many ways. I could go in cahoots with some fellow and get him to go off in some part of the State, and then go after him, and that was one way to get mileage enough out of it to make it pay." This bore directly on plaintiff's motive in claiming mileage in these cases, where the warrants had not been served, and in which the circumstances were such that the jury might well have found that such search as he made was without any reasonable prospect of apprehending the accused. While he did not say he would do as intimated to Murphy, the conversation indicated what was in his mind, his design in procuring the office, and, when considered in connection with his testimony that, upon intimation from one Williams at Cedar Rapids as to the probable whereabouts of Roe and Doe, he traveled in imaginary pursuit of them about 1,000 miles, and in addition to claiming mileage he caused to be taxed in his behalf as expenses by the justices all moneys paid for transportation and hotel bills,

6. CRIMINAL
COSTS: evi-
dence of
good faith.

the pertinency of the evidence appears.    It was rightly received.

The claims as presented by plaintiff to the board of supervisors in nineteen other cases were received in evidence over objection. , The evidence was admissible as bearing on the issue of bad faith raised by defendant.    *State v. Brady,* 100 Iowa, 191.

All informations were filed by the plaintiff save in one instance with five different justices, all save three with justices of townships other than that of which he was constable, and eight of them with a justice twenty-two miles from his home.    Moreover, eight of these informations were filed in one day before three different justices, and five of them before Van Horn on another day.    Not a single person of the thirteen accused was apprehended.    The similarity of the records in these informations, and the result in each, and the fees claimed, tended strongly to support defendant's contention that all were part of a system by which plaintiff proposed to extract money from the public treasury, and for this purpose they were admissible in evidence.

V.    Even if the ruling on plaintiff's motion to strike were erroneous, it was not prejudicial, for the averment sought to be stricken pleaded evidence only.    Appellant insists that, though the issue as to bad faith in filing the informations was submitted to the jury, it was not raised by the answer.    A reading of that pleading indicates that this was specifically averred in the second paragraph.    Appellant also contends that the verdict is against the evidence.    The jury could not well have reached any other conclusion than it did from his own testimony.

7. Pleading: motion to strike; harmless error.

The record is without error, and the judgment has our approval.— *Affirmed.*