(16 Misc. Rep. 213.)

PEOPLE ex rel. RAMSDALE v. BOARD OF SUP'RS OF ORLEANS COUNTY.

(Supreme Court, Special Term, Erie County. February, 1896.)

1. COUNTIES—BOARD OF SUPERVISORS—AUDIT OF CLAIMS.
    The consideration and examination by a board of supervisors, through its committee, of all the items in a claim presented, constitutes an audit of the whole account, though some items may be allowed and others rejected.

2. MANDAMUS—COUNTY BOARDS—JUDICIAL ACTS.
    Where a bill for fees presented to a board of supervisors by a justice of the peace is not accompanied by proof establishing the rendition of the

services charged for beyond controversy, the board, in determining such fact, acts judicially, and its determination cannot be reviewed by mandamus.

Application by W. Crawford Ramsdale for a peremptory writ of mandamus against the board of supervisors of Orleans county. Writ denied.

Albert C. Burrows, for relator.

James Swart, for defendant.

WOODWARD, J.    The relator was during the year 1895 a justice of the peace of the county of Orleans.  In March of that year, there was laid before him, as such justice of the peace, an information charging the accused person with the crime of arson in the third degree, committed in one of the towns in said county.  This information the relator entertained, and issued a warrant thereupon for the apprehension of the accused, who was arrested and brought before the relator.  An examination took place, which resulted in holding the accused for trial, and he was committed on the warrant of the relator.  In October, 1895, at the annual meeting of the board of supervisors, the relator presented an itemized account for services and fees in the said proceedings, amounting in the aggregate to the sum of $15.05.  One of the items was in these words and figures:  "20 certificates, @ 25c, $5.00."  The board referred the account to a committee, who, in a report to the board, recommended that the sum be audited and allowed at $10.05, and that an order be drawn in favor of the relator for that sum.  This report was adopted by the board, and the order was drawn and tendered to the relator for that sum, which he refused to accept.  The relator now moves for a writ of peremptory mandamus to issue against the board of supervisors, directing them to forthwith convene and audit the said bills, and to levy and collect a tax upon the taxable property of the county of Orleans for its payment.  The board of supervisors appear, and resist the application, upon the ground, among others, that the board did examine, pass upon, and audit each and every item of the relator's account, including the item of "20 certificates," by disallowing the same, and allowing all the other items, which amounted to the aggregate sum of $10.05.  It very satisfactorily appears, by the affidavits presented to the court, that the board, acting through and by its committee, did separately consider and examine each and every item of the bill, including the one entered as "for 20 certificates," and that that item was disallowed.  This action constitutes an audit of the whole account.  An "audit," in its broad sense, is to hear, examine, and determine a claim, by its allowance or its disallowance or rejection in toto or in part.  People v. Barnes, 114 N. Y. 317, 20 N. E. 609, and 21 N. E. 739.  The relator contends that the item "20 certificates" should have been allowed in toto, and that the board committed an error in rejecting the same; and the error can be corrected by the order of this court directing the board to audit the rejected item for the amount claimed.  The board contends that, by the record presented to it by the relator, it had a

.question of fact to determine from the evidence; and, having used its judgment in the matter, it acted judicially in rejecting the item, .and the court cannot compel it to re-examine the item, and allow it for the whole amount claimed. Whether the board committed an error or not involved a mixed question of fact and law. The fee for making a necessary and proper certificate is fixed by statute; .and, when the number of necessary certificates is determined, the board has no discretion whatever as to the fee to be allowed for such service. The relator stands upon the single point that he made "20 certificates"; and that fact is indisputably maintained, he claims, by the papers he presented to the board, which are now before the .court, to be carefully examined. The conclusion is reached that the .case, as presented to the board of supervisors, involved an examination of the record to determine if "20 certificates," for each of which the relator would charge the fee fixed by law, were made. The evidence is not conclusive on that question, and disposing of the item involved a judicial determination.

If the making of the certificates, and the fact that they were necessary, were clearly established by the proofs, or if the board admitted that the service was performed, and disallowed the item, because, in their opinion, the service was not a legal charge, then the error can be corrected by an allowance of the writ demanded by the relator. People v. Board of Supervisors, 45 N. Y. 196; People v. Board of Supervisors, 51 N. Y. 401. On looking at the account as printed, it will be observed that there is an omission to state the nature and character of the certificates for which the charge is made. The item is this, and no more: "20 certificates, @ 25c, $5.00." Standing alone, it is not made to appear that each was proper and necessary. It does appear that 18 witnesses were sworn .and examined on the hearing, and that the legal fee for the certificate of each deposition of such examintion is 25 cents, when made. But the bill on its face does not state that any of the certificates were attached to such deposition. The Criminal Code (section 204) .does require the depositions to be certified, but there must be proof that, as a matter of fact, the certificate was made, before the fee given by the statute can be allowed. It is not stated that the .examination of the several witnesses was taken in writing in the form of depositions. The only statement is, "The witnesses sworn on such examination were as follows;" giving the name of each, 18 in all. There is another item in the account, as follows, "Swearing 18 witnesses, 10c each, $1.80," which was allowed. I am unable to discover any evidence in this item aiding the board in deciding the question of fact involved as to whether the certificates were, in fact, made.

The affidavit of the relator, attached to the account as printed, fails, it seems to me, to state in a direct and positive manner that the certificates were made. The affidavit is as follows: "That all items in such account above set forth are correct; that the services charged therein have been in fact made or rendered, or necessary to be made or rendered." This form of verification indicates that

some of the services charged in the account were yet to be performed. The use of the disjunctive word "or," in connection with the preceding words in the same sentence, seems to leave it in doubt whether or not all the items charged were for past services. Grammatically construed, it is a statement that the relator has performed, or will in the future perform, the services mentioned. The account was verified on the 25th day of November, 1895; and on the same day it was presented to and filed with the board of supervisors, and audited on the 2d of December following. In the relator's affidavit verified of the 2d day of January, 1896, on which this motion is founded, he does state that "the depositions taken on the said proceedings were duly signed, certified, and filed as required by law." This additional statement was not before the board, and cannot be used for the purpose of showing that 18 of the certificates were attached to the written depositions of the witnesses sworn on the hearing. The relator's case must, on this motion, abide by the record of service, and the proof thereof which he presented to the board of supervisors. Upon the papers presented, it seems very clear that the board of supervisors audited all the items in the account, and did not reduce the amount of the relator's bill by deducting therefrom an arbitrary sum not paid, but by rejecting and disallowing an item thereof.

It is not necessary to examine the other cases cited on the hearing, as the motion is denied on the ground that the proof presented to the supervisors as to the performance of the service of making "20 certificates" was not sufficient to establish the fact beyond controversy. The board was called upon to examine the proofs, and determine judicially whether such service had been in fact rendered; and their determination of that question cannot be reviewed by mandamus. If I am correct as to the character and force of the proofs, the other points discussed need no examination.

Motion denied, with costs.