## HIGHTOWER *v.* GEORGIA FERTILIZER & OIL CO.

Where three arbitrators appointed in accordance with the statute in a pending cause made and returned an award to the court, they thereby exhausted their authority, and two of them could not thereafter make and return a valid supplemental award. Accordingly, it was error to make such supplemental award the judgment of the court.

SEPTEMBER 12, 1916.

Arbitration and award. Before Judge Thomas. Lowndes superior court. June 14, 1915.

*Dan R. Bruce,* for plaintiff. *Denmark & Griffin,* for defendant.

FISH, C. J. Hightower brought an action against the Georgia Fertilizer and Oil Company, to enjoin defendant from maintaining a nuisance, to abolish the same, and to recover damages. By agreement of the parties an injunction was granted by the court, permanently restraining the defendant from committing the acts complained of as constituting a nuisance; and nothing was left in the case to be tried, except the question of certain damages claimed by the plaintiff, which question was, on March 26, 1913, pending the suit, submitted in writing by the parties to the arbitrament and award of three named arbitrators, one chosen by the plaintiff, one by the defendant, and one by the two chosen by the parties. The submission provided that "The said arbitrators, after they have made up their award, shall furnish each of said parties with a copy thereof, and return the original award to the superior court of said county [where the suit is pending], to be made the judgment of said court." On April 8, 1913, the three arbitrators returned to the court their original award in favor of the plaintiff for "fifty dollars damages," with no reference made to costs or compensation of the arbitrators. Thereafter, on May 29, and during the regular May term of the court, such award was made the judgment of the court "by an order entered up for that purpose." Prior to the rendition of such judgment, and on May 10, 1913, two of the arbitrators filed in the court what they termed "our supplemental award," in which it was recited that the arbitrators in making their award "failed to tax the cost in said case," and declared that they "do hereby award and tax the cost of the case against each party equally, that is, each party is to pay one half of the cost. The compensation of the arbitrators for their services shall also be paid equally by the parties plaintiff

and defendant, and the amount having been agreed upon between the arbitrators and the said parties is seventy-five dollars, that is twenty-five dollars to each arbitrator." During the May term, 1915, of the court this supplemental award, made and returned by the two arbitrators, was made the judgment of the court. The bill of exceptions recites that "there has been no motion made to amend said original judgment making said first award the judgment of the court, and no show-cause rule or notice calling upon plaintiff . . issued in said case, but the court entered up an order . . making the said second and supplemental award the judgment of the court." Plaintiff excepted to this last judgment.

It was error to make the supplemental award the judgment of the court. This was a statutory arbitrament, as all the requirements of the Civil Code (1910), §§ 5031 et seq., were complied with. There were three arbitrators, as the statute requires (Ib. § 5032); the joint action of them all, except they should fail to agree, was required to make a valid award (Ib. § 5046); all three made and returned to the court their joint award, thus indicating their purpose to render a final decision of the matter submitted to them. Such action terminated their authority as arbitrators, and they were without further power to make another return, either as a new award or as an addition or supplement to the first award, without the consent of both parties; and if all three were without such authority, of course two of them were. 5 C. J. §§ 154, 155, 168, and numerous cases cited in the notes to the sections.

Under the Civil Code (1910), § 5052, it was the duty of the three arbitrators to award the costs of the case which they were authorized to tax against either party, or a part against one and a part against the other, according as they thought just and right; but they were not bound to tax one half of the costs against each party, as the two arbitrators in their supplemental award sought to do.

Where the compensation of the arbitrators is agreed upon by them and the parties, it shall be equally paid by the parties or included in the judgment or decree of the court to which the award is returned, as a part of the costs in the case; but where the parties fail to agree on the amount to be paid to the arbitrators, the court to which the award is returned must direct an issue as

to the amount of such compensation to be formed between the parties and the arbitrators and tried by a special jury. Ib. § 5053. The original award was silent as to costs and compensation of the arbitrators. It merely awarded fifty dollars damages to the plaintiff. Two of the arbitrators in their supplemental award stated that the parties had agreed upon the amount of the compensation to be paid to the three arbitrators, and the two arbitrators found that it should "be paid equally by the parties." In taxing the costs and fixing the compensation of the arbitrators, the court in rendering the judgment complained of based it solely upon the supplemental award, which, as shown above, was invalid for want of authority in the two arbitrators to make it.

*Judgment reversed. By five Justices, all concurring.*