HERMAN ANDRAE ELECTRICAL COMPANY, Respondent, vs. COURTEEN, Appellant.

*December 16, 1921—January 10, 1922.*

*Arbitration and award: Functions of arbitrators: When powers cease: Mistake: Effect on determination of controversy.*

1. Under either a common-law or a statutory arbitration, when the arbitrators have met, heard the proofs, determined the controversy, reduced their decision to writing, and given notice thereof to the parties their power terminates and their functions cease.
2. The determination is binding and conclusive although by mistake one of the claims of one of the parties was omitted, and the arbitrators had no power to revise their decision to include such claim on the ground that they had determined the matter before the time had expired within which proofs might be offered, such time limit merely fixing the period beyond which they might not act but not preventing them from rendering a decision before the expiration of such period.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Reversed.*

Plaintiff and respondent was a contractor in electrical supplies and equipment and as such furnished material and did work for the defendant at his summer home in Waukesha county.

Several payments were made during the progress of the work, and at the close a dispute arose as to the amount, if any, due plaintiff, defendant alleging that the work was improperly done.

Thereupon the parties entered into a written agreement for submission of the controversy to arbitration and award. The material portions thereof were to the effect that the attached complaint, being for work, labor, and material, should be considered the claim of the plaintiff, and the attached answer the defendant's position, and the two constitute the controversy between the parties so submitted. It provided for the appointment of one arbitrator by each and the method of the appointment of the third, which appointment was subsequently made. It also provided that the judgment or decision of two of the arbitrators should be binding and conclusive upon the parties. That the arbitrators should meet at a time and place to be by them agreed upon for the hearing of the proofs of the parties within a certain specified time, and that such meeting might be adjourned but not to a date later than thirty days from the date of the arbitration agreement, at the expiration of which time said parties should be deemed to have fully submitted the proofs in support of or in opposition to the respective demands. Provisions as to the taking of the oath by the arbitrators, the nature of the evidence to be considered, and the manner of submission of the same were also specified. It also provided: "All questions as to procedure and other matters in connection with the proceedings shall be determined by a majority of the arbitrators." It further provided for the form of making the award and the delivery of the duplicates thereof within forty days from the date of the agreement. It also stipulated that such agreement of submission should not in any case be deemed taken or held under or by virtue of the Wisconsin statutes and should be governed, except as therein provided, by the rules of the common law, and also: "it being the purpose of the parties hereto to pursue a liberal construction thereof, to the end that a reasonable adjustment of the differences of the parties hereto may be reached without unnecessary expense, annoyance, or delay."

Several stipulations were made subsequent to the sign-ing of this agreement extending the time limits therein speci-fied, the last of such being dated August 6, 1920. On July 17th and prior to the period fixed to which the parties were limited in the offering of their proof, there was a hearing had before the arbitrators and all the testimony offered that it was then understood either party intended to offer and arguments had by the respective counsel, no suggestion then appearing to have been made that either party had further evidence to offer, or that the hearing was not then under-stood by all to be completed.

On August 6th a written stipulation was made providing that the time within which the proofs of the parties shall be deemed to have been submitted was extended ten days from the 8th day of August, 1920, and that the time within which the arbitrators shall return their award was extended a like number of days from the time in which the same, but for such stipulation, would be otherwise returnable.

On August 9th the three arbitrators signed, in the agreed form, their decision finding the amount due plaintiff from defendant to be $1,400 as a full satisfaction and discharge of the respective claims of the parties. Copies thereof were duly delivered to the respective parties or their attorneys, and within due time payment was offered by defendant of the amount of $1,400 and tender of such amount thereafter maintained. The tender was rejected by plaintiff on the ground that the award of August 9th was premature. After the signing of the award of August 9th the defendant and the arbitrator appointed by him refused to participate in any further proceedings upon the ground that the authority of said arbitrators over the controversy had ceased upon the rendition of said award. The record is silent as to whether such refusal by defendant or his arbitrator was in writing.

After such position taken by defendant and his arbitra-tor, on plaintiff's motion the two other arbitrators received

further proof and before August 18th, that then being the last day on which the parties might offer proof; and then added to the award the sum of $300, and made and filed on August 28th a new award similar in form to the one of August 8th except that the amount was now $1,700 instead of $1,400.

Plaintiff commenced an action in the civil court of Milwaukee county upon the award of $1,700. Upon trial there that award was sustained and judgment given for plaintiff for the amount thereof, and on appeal it was affirmed by the circuit court. From the judgment so entered the defendant has appealed.

For the appellant there was a brief by *Fawsett & Smart,* and oral argument by *Edmund B. Shea,* all of Milwaukee.

*A. W. Schutz* of Milwaukee, for the respondent.

ESCHWEILER, J. From the stipulation as to the facts upon which this case was tried, it appears that the $300 difference between the $1,400 award of August 8th and the $1,700 award of August 28th arose on account of a certain motor which had been furnished by plaintiff to defendant. A reference was made to it in the defendant's answer in such manner that the arbitrators assumed, at the time of their making the first award, that the motor would be returned to the plaintiff and that defendant would assert no right to title or possession thereof, but no provision with reference to it was made in their first award. Subsequently the plaintiff called the arbitrators' attention to the fact that the defendant was then asserting title and right to possession of such motor, the value of which was considered to be $300, and upon such situation appearing before the two arbitrators, who assumed and continued to act in the matter, they then determined to add the value of said motor to the amount to be paid plaintiff.

It was expressly agreed between the parties that, except

as expressly provided in the agreement itself, the submission to arbitration was to be governed by the rule of the common law.

It is firmly established that under such a common-law arbitration agreement, when the arbitrators have met, heard all that the parties have to present, considered, determined, and reduced their decision to writing, and then complied with the provisions of the agreement as to giving proper notice thereof to the interested parties, their power as such arbitrators terminates and their functions cease. *Doke v. James,* 4 N. Y. 568; *Bayne v. Morris,* 1 Wall. (68 U. S.) 97; *Edmundson v. Wilson,* 108 Ala. 118, 123, 19 South. 367; *Hightower v. Georgia F. & O. Co.* 145 Ga. 780, 89 S. E. 827; *Hackney v. Adam,* 20 N. Dak. 130, 127 N. W. 519; 5 Corp. Jur. p. 75; Morse, Arbitration & Award, 226.

The same rule is recognized as applicable to a statutory arbitration. *McCord v. Flynn,* 111 Wis. 78, 90, 86 N. W. 668, citing *Flannery v. Sahagian,* 134 N. Y. 85, 31 N. E. 319, and *Herbst v. Hagenaers,* 137 N. Y. 290, 33 N. E. 315, also statutory proceedings.

In the case here presented opportunity was afforded to both parties, of which they availed themselves, of presenting proof and argument before the arbitrators. At the conclusion of such hearing it was tacitly assumed by all that there was no further evidence to be offered under the then agreement within which proofs might have been offered. Acting on the assumption that the respective parties were through with their presentation of the facts and arguments, the arbitrators in good faith proceeded to determine and did determine the matters before them. Through what now seems to have been a mistake in judgment on their part, no provision was made either for the return of or compensation for the motor furnished by plaintiff to defendant, but such a mistake nevertheless becomes binding upon all concerned, and the determination final and conclusive. *Eau Claire v. Eau Claire W. Co.* 137 Wis. 517, 524, 119 N. W.

555; *Travelers Ins. Co. v. Pierce E. Co.* 141 Wis. 103, 108, 123 N. W. 643; *Consolidated W. P. Co. v. Nash,* 109 Wis. 490, 503, 85 N. W. 485.

That the decision of the arbitrators was made before the time limited for offering proofs had expired was immaterial. Such limit merely fixed the period beyond which the arbitrators cannot act, but it does not prevent their disposing of the matter, the parties having been heard to completion on their respective sides, before the expiration of such period.

This view we take of the proceedings requires a reversal of the judgment of the circuit and civil courts and makes discussion of the other questions presented on this appeal unnecessary.

*By the Court.*—Judgment reversed.