HUESTED v. PATRONS MUTUAL FIRE INSURANCE CO.

1. INSURANCE—ARBITRATORS DISQUALIFIED BY UNSUPPORTED BELIEF INSURED COMMITTED ARSON.

Where arbitrators of a fire insurance loss entertained the belief that insured had burned his buildings, without any evidence upon which to base such belief, they were disqualified from passing on the justice of his claim.

2. SAME—ARBITRATION PROCEEDINGS JUDICIAL IN NATURE.

Arbitration proceedings are in the nature of a judicial inquiry into the facts, and the insured is entitled to have his claim fairly and impartially heard and determined on the evidence.

3. SAME—AWARD OF DISQUALIFIED ARBITRATORS SHOULD BE SET ASIDE IF INSURED PREJUDICED THEREBY.

Where it plainly appears that the disqualification of the arbitrators operated to the prejudice of the rights of the insured, the award should be set aside.

4. SAME — BAD FAITH—PALPABLY INADEQUATE AWARD MAY EVIDENCE BAD FAITH.

Although inadequacy of the amount awarded will not in itself justify the court in disturbing it, yet where the amount

On arbitration agreements, their validity and binding force, see note in 47 L. R. A. (N. S.) 337.

is so palpably inadequate as to evidence fraud or bad faith, the award should be set aside.

5. SAME—FINDING OF BAD FAITH JUSTIFIED.
     The finding of the court below that the arbitrators acted in bad faith, *held*, justified by the record.

Appeal from Wexford; Lamb (Fred S.), J.   Submitted April 5, 1923.   (Docket No. 40.)   Decided June 4, 1923.

Bill by Edwin Huested and another against the Patrons Mutual Fire Insurance Company of Michigan to vacate an award by a board of arbitration.   From a decree for plaintiffs, defendant appeals.   Affirmed.

*A. W. Penny*, for plaintiffs.

*Kinnane & Leibrand*, for defendant.

McDONALD, J.   The bill in this case is filed for the purpose of vacating an award made by the arbitration board of the defendant company on the 20th of October, 1921.   The plaintiff, Edwin Huested, owns a farm of 120 acres in Wexford county, Michigan. His buildings were insured in the defendant company for $10,400.   The contents and other personal property were insured for $2,600.   On the 22d day of June, 1921, the buildings and some of the personal property were destroyed by fire.   Notice was at once given to the company and adjusters were appointed, who adjusted the loss on the buildings at $10,400, and on the personal property at $1,755, and determined the company's liability to be $8,107.86 under a three-fourths value clause in the policy.   The company appealed to the board of arbitrators which made an award fixing the total loss at $3,632.75, and determining the company's total liability at $2,724.57.   The plaintiffs contend that the award should be vacated

because the arbitrators acted fraudulently and in bad faith and followed an erroneous rule in estimating the value of the buildings. On the hearing the circuit judge determined that the charge of bad faith was sustained by the evidence, that the award was grossly inadequate because of bias and prejudice and because the arbitrators had applied an erroneous measure of damages.

Does the evidence show bad faith on the part of the arbitrators in making the award? On this question the circuit judge found:

"That the suspicions of the members of said board of arbitration that the plaintiff, Huested, was guilty of arson in the premises were uppermost in the minds of the members of said board, and were reflected in the award so made by them; that such suspicions were taken into consideration by said board, and which suspicions were so great and intense as to, and did dominate, and reflect in the award so made by them.

"That the value claimed to have been placed on the buildings so insured and destroyed, by said board of arbitration, in their said award was less than one-third the real value thereof; that the amount awarded was so palpably inadequate of the real value as to produce a conviction, and this court is so convinced, that said board was biased and prejudiced, and which was reflected in the award so made."

A careful reading of the entire record has not convinced us that there was any intentional wrongdoing by the arbitrators. It is plainly apparent, however, that all of them at the time of making their award entertained the belief that the plaintiff had burned the buildings. There was no evidence upon which to base such a belief, but they had it, and with it they could not, and evidently did not, approach the question of damages with open minds. Referring to their suspicion that the plaintiff had caused his own

loss by setting fire to the buildings, one of the arbitrators testified:

"I especially stated to Brother Huested that I hoped that he might prove to the board of arbitration that he was absolutely clear of any guilt in that respect."

Evidently Brother Huested was not able to convince the board of his innocence for this same arbitrator also testified on cross-examination:

"Q. Was it before you made this award or afterward that you eliminated Mr. Huested from your suspicions?

"A. When I made that report I believed just as I reported.

"Q. And you have believed it ever since haven't you?

"A. I believe the same now as I did then."

Requiring the plaintiff to prove his innocence of arson and clinging to a belief of his guilt in the absence of any evidence upon which to base it, impaired the impartiality of these arbitrators so as to disqualify them from passing on the justice of the plaintiffs' claim. If they had been sitting as jurors no one would question the fact of their disqualification. These proceedings were or should have been in the nature of a judicial inquiry into the facts, and the insured was entitled to have his claim fairly and impartially heard and determined on the evidence. Where it plainly appears that such disqualification operated to the prejudice of the rights of the insured, the award should be set aside. It was the opinion of the circuit judge who heard the testimony that the award was not based upon evidence but was the result of suspicion and prejudice against the plaintiffs. In some measure he was influenced in reaching this conclusion by the fact that the amount allowed the insured was so grossly inadequate to the actual loss as

to produce a conviction of bad faith on the part of the arbitrators.   The buildings insured were totally destroyed by fire.   When taking the application the defendant's agent examined the buildings and placed a value of $12,000 upon them.   The adjusting board determined the loss on the buildings to be $10,400. The arbitration board placed it at $2,800.   Plaintiffs' evidence tended to show that the replacement value of the buildings was approximately $15,000 or $16,000. There was evidence from the defendant of a less value, but the circuit judge determined the question against the defendant's claim.   We think his conclusion is sustained by the evidence.   It is true, as counsel for the defendant point out, that inadequacy of the amount awarded will not in itself justify the court in disturbing it, but it is just as true that where the amount is so palpably inadequate as to amount to evidence of fraud or bad faith, the award should be set aside.   5 C. J. § 485, p. 191.   While he might have done so, the court did not rest his conclusions alone on the inadequacy of the award.   There were other facts and circumstances, some of which we have pointed out, which, considered in connection with the gross inadequacy of the amount allowed, justified his findings that the board acted in bad faith.   The rule of law as to waiver and estoppel, which the defendant's counsel here seek to invoke against the plaintiffs, has no application to the facts in this case, and we do not discuss it.   As the award must be vacated because of bad faith of the arbitrators, it becomes unnecessary to discuss the other question presented by the record.

The decree of the circuit court is sustained by the evidence.   It is affirmed, with costs to the plaintiffs.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.