In the Matter of the Application of PETER J. BRENNAN and Another, Copartners Doing Business under the Firm Name and Style of P. J. BRENNAN & SON, Petitioners, for a Peremptory Mandamus Order against CHARLES W. BERRY, Comptroller of The City of New York, as Custodian of the Funds of the Board of Education of the City of New York, Defendant.

Supreme Court, New York County, June 4, 1927.

Municipal corporations — claims — application for peremptory order of mandamus compelling comptroller of city of New York to give effect to voucher of board of education of said city by paying claim to petitioners — determination of Court of Appeals directing payment of claim was necessarily predicated on finding claim had been audited by board of education — settlement of claim was audit, within meaning of Education Law, § 880, subd. 3.

Petitioners, to whom the Court of Appeals has heretofore directed the payment of a sum of money by the board of education of the city of New York, arising from delay occasioned petitioners in constructing a school building for said board, are entitled to a peremptory order of mandamus compelling the comptroller of the city of New York to give effect to the voucher of said board by paying the claim.

Since the relief granted by the Court of Appeals was necessarily predicated upon a finding that the claim was audited by the board of education, the comptroller's contention that the claim cannot be paid because there has been no audit, is unwarranted.

Moreover, the settlement of the claim was an audit, within the meaning of subdivision 3 of section 880 of the Education Law, since the claim involved an unliquidated amount and necessarily included a hearing or examination as well as an adjustment.

APPLICATION for peremptory order of mandamus.

*Charles L. Craig,* for the petitioners.

*George P. Nicholson, Corporation Counsel [Denis R. O'Brien, Assistant Corporation Counsel,* of counsel], for the defendant.

LEVY, J. This is an application for a peremptory order of mandamus directing the comptroller of the city of New York to give effect to the voucher of the board of education by paying to the petitioners the sum of $67,004.94, with interest to the date of actual payment. By virtue of a mandate of the Court of Appeals and a final order of this court pursuant thereto, in a proceeding for a peremptory mandamus order against the board of education, the latter transmitted a voucher for the payment of this sum to the respondent Berry, who directed a warrant to be drawn, and this was duly countersigned. But instead of proceeding with the delivery thereof to the petitioners, the comptroller caused it to be canceled and has refused payment. He takes the position that his conduct in so refusing is not at all arbitrary, but caused by a resolution of the board of estimate directing the corporation counsel to reopen the litigation which ultimately resulted in the order of mandamus.

The facts which brought about the prior determination in favor of the petitioners are fully reported in *Matter of Brennan* v. *Board of Education* (245 N. Y. 8) and require perhaps but a brief reference here. The petitioners, contractors upon the construction of a school building for the board of education, had a seemingly valid grievance by reason of delay due to the failure of the city to make the site for the structure available promptly, so as to permit the contractors to proceed. By advice of the corporation counsel the board undertook to adjust the claim, as it unquestionably had power to do. The thoughts of the counsel to the city (*Matter of Brennan* v. *Board of Education, supra,* 11) were expressed thus: " In view of the circumstances surrounding the clearing of the site for the first section, and the delay of over one year on handing it over to the contractor so that he might proceed with the erection of the first section, I am of the opinion that the Board of Education * * * may enter into negotiations with P. J. Brennan & Son to adjust any claim that said contractor now may have by reason of the delay occasioned the contractor in the performance of the work for the first section."

The committee on buildings and sites of the board of education accordingly went into the claim and recommended an adjustment on the basis of the sum of $64,000, payable in part immediately, and the remainder at certain stated intervals. By resolution of the board the settlement was adopted on condition that the contractors execute a general release. The latter met the condition imposed.

The comptroller now takes the position that the claim cannot be lawfully paid, because section 880, subdivision 3, of the Education Law (as added by Laws of 1917, chap. 786) prohibits such a disbursement except on " audit of the board of education." He asserts that there has been no proper audit of the claim by that board, and argues that the statement of the Court of Appeals in its opinion that " The claim has been audited by the board of education " is mere dictum. Since the relief granted by that court was necessarily predicated upon a finding that the claim was so audited, the opinion in that respect quite obviously cannot be said to be dictum. What the comptroller, therefore, maintains in effect is that the Court of Appeals erred in finding that there was an audit. If it did, the remedy would seem to lie in an application for reargument. In any event, it is not within the province of this court, even upon his motion, to review the order of that court, which is the practical effect of his demand.

But apart from this, there is no merit in his contention that there has been no proper audit of the claim, because the amount of the award was made upon estimates and not upon exact facts. It must be borne in mind that the adjustment was of an unliquidated claim, and a compromise of this character necessarily involves approximation. The controversy between the contractors and the board was settled in a manner common in commercial differences; no element of fraud is shown and the determination of the board of education would seem final and binding on the comptroller whose acts thereafter are merely that of a ministerial officer. (*Matter of Reif* v. *Schwab*, 204 App. Div. 50; *People ex rel. Wells & Newton Co.* v. *Craig*, 232 N. Y. 125.) It seems to me that the settlement of the claim was an audit within the meaning of the statute. The comptroller appears to interpret the provision in the narrow sense in which it is most likely employed by accountants, with whom the term may be said to be confined to a checkup of the correctness of the account and excludes any element of discretion on the part of the person examining. Obviously, this is not the sense of the statute. Thus, in *People ex rel. Cochran* v. *Town Auditors* (74 Hun, 83) it was held that the auditing of a claim

signifies a hearing or examination and includes its adjustment or disallowance. In *People ex rel. Hamilton* v. *Supervisors* (35 App. Div. 239) it was said (at p. 242), in referring to the duty of supervisors to audit claims: " The verb ' audit,' as here used, means simply to examine, to adjust, and it clearly implies the exercise of judicial discretion. (3 Am. & Eng. Ency. of Law [2d ed.], 513; *Morris* v. *People*, 3 Denio, 381, 391; *Matter of °Murphy*, 24 Hun, 592; affd., 86 N. Y. 627.)

" And not only does an auditing board possess discretionary and judicial power, but its jurisdiction over claims which are properly submitted to it is original, and its decision thereon is conclusive until modified or reversed by another court in the manner prescribed by law, that is, in proceedings by certiorari. (*People ex rel. Myers* v. *Barnes*, 114 N. Y. 317.) "

In *Travelers Insurance Company* v. *Pierce Engine Co.* (141 Wis. 103, 106) the distinction between the limited and the broader sense of the word is pointed out as follows: " The word ' audit ' is sometimes restricted to a mere mathematical process, but generally is extended to include the investigation, weighing of evidence, and deciding whether items should or should not be included. (*People ex rel. Ramsdale* v. *Orleans Co.*, 16 Misc. 213; *People ex rel. Hamilton* v.· *Jefferson*, 35 App. Div. 239; *People ex rel. Brown* v. *Board*, 52 N. Y. 224; *People ex rel. Myers* v. *Barnes*, 114 N. Y. 317   *   *   *.) "

There is no doubt that in the instant case the term is to be understood in the broader sense as involving the exercise of discretion; and necessarily so because it involved the audit of an unliquidated cla'm. There is no proof whatever of any abuse of this discretion and even if there were, this would not seem to be the method of review.

The motion is granted, with fifty dollars costs. Settle order.