DECHANT, Appellant, vs. GLOBE & RUTGERS FIRE INSURANCE COMPANY, Respondent.

*December 8, 1927—January 10, 1928.*

*Insurance: Extent of loss: Automobile destroyed by fire: Determination of appraisers: Weight.*

1. Where under the terms of an automobile insurance policy it was provided that if the parties differed in their estimates of the loss it should be determined by appraisal, and the loss was fixed by one of the appraisers and an umpire at $350, and an action was subsequently brought on the policy and a verdict of $750 rendered, such difference was not sufficient, in the absence of the slightest evidence of fraud or a want of good faith on the part of the appraisers, to warrant setting aside their determination. p. 581.

2. Such appraisers may properly use their own expert knowledge and determine the loss from valuation lists or their knowledge of second-hand car values.  p. 582.

APPEAL from a judgment of the county court of Waukesha county: DAVID W. AGNEW, Judge.  *Affirmed.*

Plaintiff bought a Velie touring car in May, 1921, for $1,600.  About $135 was added for accessories and repainting and it was insured for $1,200.  The list price was reduced to $1,275 in January, 1922.  It was again insured in 1922 for $1,000.  The policy in suit was issued August 14, 1923, for $750.  It provided:

"This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained, with proper deduction for depreciation however caused, and shall in no event exceed what it would then cost to repair or replace the automobile with other of like kind and quality.  If the parties differ in the estimate, then by appraisal."

The car had but slight use during the following winter and was totally destroyed by fire May 21, 1924.  The parties not agreeing as to the amount of loss, resort was had in November to the appraisal provision of the policy.  Plaintiff selected Mohr, defendant Marlier, and the two appointed Druecker as umpire.  These three met at the office of plaintiff's attorney and evidence was offered before them tending to show that the value of the car at the time the policy was issued and when destroyed was $900 to $1,000.  After leaving that office the three went to the Velie sales rooms in Milwaukee, where Mohr was that company's representative, and examined price lists and cars of that make.  Thereupon, in the presence of the three, Marlier and Druecker signed, in accordance with the terms of the policy, an award of $350 as the car's sound value and the loss and damage.  Mohr refused to sign.

In February, 1925, this action was commenced for the

$750 stated in the policy but making no mention of the award; defendant asserting it by answer in March and tendering the $350. On the trial in January, 1926, plaintiff was allowed to amend, over objection, asking that the appraisal be set aside because:

(A) That no copy of notice thereof had been served;

(B) That the amount thereof was not arrived at or appraisal signed in the presence of the three;

(C) That the appraisers did not in good faith find the value of the car but found it to be $350, well knowing it to be worth $900 to $1,000.

Upon the evidence as to its value in varying amounts from $300 to $950 and $1,100, the jury found its value and consequent damage at $750.

The trial court, upon the issues raised as to the appraisal and after motions by each party, found that such was a valid and binding award and that the amount thereof fixed the damages, and because of the tender directed judgment dismissing the complaint. Plaintiff appeals.

For the appellant there was a brief by *Holt & Coombs* of Waukesha, attorneys, and *Charles T. Hickox* of Milwaukee, of counsel, and oral argument by *Albert H. Coombs.*

For the respondent there was a brief by *Jacobson & Malone* of Waukesha, and oral argument by *M. A. Jacobson.*

ESCHWEILER, J. While the difference between the award of $350 and the jury's verdict of $750 is quite substantial and, under the entire evidence, the latter amount quite persuasively, as an original proposition, is the nearer to plaintiff's actual loss, yet, as held by the trial court, such difference is not sufficient, in the absence of the slightest evidence of fraud or want of good faith on the part of the appraisers, to warrant the setting aside of such a determination by those to whom, by agreement of the parties, the matter was submitted. None of the three specific objections presented by

plaintiff's pleading, *supra,* to this award can, under the evidence and the court's findings, be here sustained.

In addition to such objections appellant now urges that such award was invalid because, as it is claimed, such appraisers considered and based their valuation upon a list of, or their own knowledge of, second-hand car values and considered such without plaintiff's presence or knowledge. They were chosen as men known to be familiar with the handling and selling of automobiles. That such arbitrators may properly use their own expert knowledge of the subject matter is held in *Eau Claire v. Eau Claire W. Co.* 137 Wis. 517, 529, 119 N. W. 555; *Rottman v. Toft,* 187 Wis. 558, 566, 204 N. W. 585.

Such appraisals are not to be lightly set aside. *Chandos v. American F. Ins. Co.* 84 Wis. 184, 54 N. W. 390; *Travelers Ins. Co. v. Pierce E. Co.* 141 Wis. 103, 108, 123 N. W. 643; *Herman Andrae E. Co. v. Courteen,* 176 Wis. 92, 96, 186 N. W. 212; *Larson v. Nygaard,* 148 Minn. 104, 108, 180 N. W. 1002; *Luedinghaus L. Co. v. Luedinghaus,* 299 Fed. 111, 114. There was here no substantial failure by the appraisers to appreciate the matter and questions before them as was presented and held to vitiate the proceedings in such cases as *Canfield v. Watertown F. Ins. Co.* 55 Wis. 419, 13 N. W. 252; or *Donaldson v. Buhlman,* 134 Wis. 117, 113 N. W. 638, 114 N. W. 431; *Huested v. Patrons Mut. F. Ins. Co.* 223 Mich. 213, 193 N. W. 815. Nor is there anything like the misuse of an agreement to arbitrate, as was held to amount to a waiver thereof in the case relied upon by appellant in his supplemental brief of *Chapman v. Rockford Ins. Co.* 89 Wis. 572, 62 N. W. 422.

We feel bound to support the rulings of the trial court.

*By the Court.*—Judgment affirmed.