COMPAÑÍA POPULAR DE TRANSPORTE, INC., Plaintiff and Appellee, *v.* CARLOS GALLARDO, EXECUTIVE SECRETARY OF PUERTO RICO, Defendant and Appellant.

No. 7682.   Argued February 7, 1939.—Decided March 31, 1939.

B. *Fernández García,* Attorney General, *Pablo Defendini* and *R. García Cintrón, Assistant Attorney Generals,* for appellant. *Artemio P. Rodríguez,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

On March 11, 1937, the plaintiff-appellee corporation presented in the office of the Executive Secretary of Puerto Rico, for its filing, the annual report corresponding to the year 1936. Said report contained all the data required by section 25 of the Private Corporation Law of Puerto Rico, as amended by Act No. 92 of May 13, 1936 (Sess. Laws (1) page 488) and a statement of accounts of the corporation revised and audited by Agustín Pérez Camy, a Certified Public Accountant. The Executive Secretary of Puerto Rico refused to file the report, and returned the same to the plaintiff corporation, which in turn came to the district court and requested a writ of man-

damus to require the respondent officer to discharge his allegedly ministerial duty of accepting and filing the report as presented.

The preliminary writ was issued and after the respondent was served, he moved the court to quash the writ and dismiss the petition on the ground that it did not set forth facts sufficient to constitute a cause of action. In the hearing before the lower court he (the respondent) further alleged that his refusal to file the report was because the statement of accounts appearing therein was revised and audited by Agustín Pérez Camy, a certified public accountant who in turn is one of the directors of the corporation that submits the report; and that, in his opinion, in order that the revision or certification of the accounts be valid, it must be made by a stranger to the corporation and not by one of its own directors, even where the director who certifies them is a certified public accountant.

When the final writ of mandamus was issued the respondent appealed. The three assignments of error, taken together, can be summed up as follows:

The trial court erred in holding that a director of a corporation, who in turn is a certified public accountant, can revise and audit a statement of accounts of a corporation, where that statement of accounts is to be included in the annual report required by the statute.

Section 25 of the Law of Private Corporations, approved on March 9, 1911, and amended by Act No. 12 of 1913 (page 56) was amended in the sense that paragraph 7 was added. It reads as follows:

"(7) Every corporation, *sociedad anónima*, or joint-stock company incorporated or constituted in accordance with the laws of Puerto Rico, shall include in its annual report *a statement of its accounts duly checked and audited by public accountants.*" (Italics ours.)

Can it be said that the accounts have been *duly checked and audited* when the public accountant who does it is one

of the directors of the corporation? Our answer must be in the negative.

The English verb "to audit", that has passed to our language as *"auditar"*, is derived from the latin *"audire"* and means, therefore, to hear; and in relation to accounting it means the procedure of officially examining the accounts by computing the entries that appear in the books as debits and credits with the corresponding vouchers, in order to determine the exactness and correctness of the resulting balance. See: *Fuller & Hiller Hardware Co.* v. *Shannon & Willfong,* 215 N. W. 611; *N. Y. Catholic Protectory* v. *Rockland County,* 144 S. 552; and *Conover* v. *West Jersey Mortgage Co.,* 96 N. J. Eq. 441. And the cases hold that "to audit" is not a mere mathemathical process, but also includes the investigation and weighing of the evidence and deciding what entries should be included in or eliminated from the accounts. *Traveler's Insurance Co.* v. *Pierre Engine Co.,* 123 N.W. 643; *People* v. *Green* (N.Y.) 5 Daly, 194.

The purpose of the legislator in requiring all corporations to include in their annual report "a statement of their accounts duly checked and audited" can be no other but to offer to those persons who might have an interest in knowing the actual financial standing of the corporation, a statement of its accounts prepared, revised and certified with all the assurance of impartiality and lack of interest that a public accountant, a stranger to the corporation that prepared the report, can offer. *Cameron* v. *Seaman,* 69 N. Y. 396.

If, as the lower court states in its opinion "a corporation is nothing but an artificial being created by law, to which it owes its existence and from which it derives its rights and duties", if that corporation "acts, lives and expresses itself through its directors," and if it can be said, as did the lower courts, "that the directors of the corporation, as far as its management is concerned, are the very corporation", logically, after stating said premises, we must arrive at the inevitable conclusion that an examination, adjustment and certification

of the accounts of a corporation by one of its directors, even though said director were qualified to act as a public accountant, can not be considered as the statement of accounts duly revised and audited required by the statute. The public accountant who certifies the statement of accounts of a corporation of which he is a director, can not divest himself of his condition of director and of his interest in the corporation so as to act as impartially, as independently and as disinterestedly as would a public accountant who were a stranger to the corporation.

It is true that the statute does not expressly provide that the public accountant who must revise and audit the financial sheet of the corporation can not be at the same time a director of the corporation. It is not necessary that the statute should prohibit what good practice and public morality advise should not be done. Furthermore, in our opinion, the requirement that the accounts should be *duly checked and audited* can not be construed to permit a corporation to prepare its statement of accounts through one of its directors, employees or agents and to have it revised and certified by another director, agent or employee. We must hold, therefore, that the accounts appearing in the annual report in question were not *duly checked and audited,* and since this requisite was not complied with, the Executive Secretary of Puerto Rico correctly refused to file the report.

The judgment appealed from must be reversed.