Compañía Popular de Transporte, Inc., demandante y apelada, *v.* Carlos Gallardo, en su carácter de Secretario Ejecutivo de Puerto Rico, demandado y apelante.

Núm. 7682.—*Sometido:* Febrero 7, 1939. *Resuelto:* Marzo 31, 1939.

* Nota: Véase el prefacio.

*Hon. Procurador General B. Fernández García, Pablo Defendini.* y *R. García Cintrón, Subprocuradores,* abogados del apelante; *Artemio P. Rodríguez,* abogado de la apelada.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

El día 11 de marzo de 1937 la corporación demandante y apelante radicó en la oficina del Secretario Ejecutivo de Puerto Rico, para su archivo, el informe anual correspondiente al año natural 1936. Dicho informe contenía todos los datos requeridos por el artículo 25 de la Ley de Corporaciones privadas de Puerto Rico, según fué enmendada por la Ley núm. 92 de 13 de mayo de 1936 (Leyes de 1936 (1) pág. 489), y un estado de las cuentas de la corporación, revisado y auditado por el Sr. Agustín Pérez Camy, Contador Público Autorizado. Negóse el Secretario Ejecutivo de Puerto Rico a archivar el informe, devolviéndolo a la corporación demandante, la cual acudió ante la corte de distrito en solicitud de un auto de *mandamus* por el cual se obligara al funcionario demandado a cumplir con el deber que se dice ser ministerial de aceptar y archivar el informe tal y como le fué presentado.

Expedido el auto condicional y notificado el demandado, compareció éste mediante moción para la anulación del auto y desestimación de la petición por no aducir ésta hechos suficientes para constituir una causa de acción; y en la vista celebrada ante la corte inferior alegó como razón específica para su negativa a archivar el informe, que el estado de cuentas que forma parte del mismo aparece revisado y auditado por Agustín Pérez Camy, Contador Público Autorizado, quien es también uno de los directores de la corporación a nombre de la cual se somete el informe; y que, a su juicio, para que sea válida, la revisión o certificación de las cuentas debe ser hecha por persona extraña a la corporación y no por uno de

sus directores, aún cuando el director certificante sea un Contador Público Autorizado.

Expedido el auto perentorio de *mandamus,* apeló el demandado. Los tres señalamientos de error, considerados conjuntamente, se resumen así:

La corte sentenciadora erró al sostener que un director de una corporación, que es al mismo tiempo Contador Público Autorizado, puede revisar y auditar un estado de cuentas de la corporación, que ha de formar parte de su informe anual requerido por la ley.

 El artículo 25 de la Ley de Corporaciones Privadas, aprobada en marzo 9, 1911, y enmendada por la Ley núm. 12 de 1913 (pág. 57), fué enmendado en el sentido de adicionar el inciso 7, que dice textualmente así:

"(7) Toda corporación, sociedad anónima o compañía por acciones, incorporada o constituída de acuerdo con las leyes de Puerto Rico, deberá incluir en su informe anual *un estado de sus cuentas debidamente revisadas y auditadas por contadores públicos."* (Bastardillas nuestras.)

¿Puede decirse que las cuentas han sido *debidamente revisadas y auditadas* cuando el contador público que las revisa y audita, continuando en el uso del anglicismo, es uno de los directores de la corporación? Nuestra contestación debe ser en la negativa.

El verbo inglés "to audit," que ha pasado a nuestro léxico como "auditar," se deriva del latín "audire" y significa por tanto oír; y en relación con la contabilidad significa el proceso de examinar oficialmente las cuentas, compulsando las entradas que aparecen en los libros, tanto en el Debe como en el Haber, con los comprobantes correspondientes, para poder así determinar la corrección y exactitud del balance resultante. Véanse: *Fuller & Hiller Hardware Co.* v. *Shannon & Willfong,* 215 N. W. 611; *N. Y. Catholic Protectory* v. *Rockland County,* 144 S. 552; y *Conover* v. *West Jersey Mortgage Co.,* 96 N. J. Eq. 441. Y la jurisprudencia sostiene que el "audit" no es un mero proceso matemático, sino que

incluye también la investigación, peso y apreciación de evidencia y el decidir si ciertas partidas deben ser incluídas en o eliminadas de las cuentas. *Traveler's Insurance Co.* v. *Pierre Engine Co.,* 123 N. W. 643; *People* v. *Green* (N. Y.) 5 Daly, 194.

El propósito del legislador al exigir que las corporaciones incluyan en su informe anual "un estado de sus cuentas debidamente revisadas y auditadas" no puede ser otro que el de ofrecer a las personas que puedan tener interés en conocer la verdadera situación económica de una corporación, un estado de cuentas practicado, revisado y certificado con todas las garantías de la imparcialidad y el desinterés de un contador público ajeno a la corporación que presenta el informe. *Cameron* v. *Seaman,* 69 N. Y. 396.

Si, como bien dice en su opinión la corte inferior, "una corporación no es otra cosa que una entidad artificial creada por virtud de una ley, a la que debe su existencia y de la cual emanan sus derechos y deberes"; si esa corporación "actúa, vive y se pronuncia a través de sus directores"; y si se puede decir, como dice la corte inferior, "que los directores de la corporación, en lo que respecta a su administración, es la corporación misma," lógicamente, después de sentar tales premisas, tenemos que llegar a la conclusión inevitable de que el examen, ajuste y certificación de las cuentas de una corporación por uno de sus directores, aún cuando dicho director esté debidamente facultado para ejercer como contador público, no puede ser considerado como el estado de cuentas debidamente revisadas y auditadas que exige el estatuto. El contador público que certifica un estado de cuentas de una corporación de la cual es director, no puede despojarse de su condición de director y de su interés en la corporación, para actuar con la imparcialidad, independencia y desinterés con que actuaría un contador público ajeno a la corporación.

Es cierto que el estatuto no dispone expresamente que el contador público que deba revisar y certificar el estado finan-

ciero de la corporación no pueda ser uno que sea al mismo tiempo director de la corporación. No es necesario que el estatuto prohiba expresamente lo que la buena práctica y la moral pública aconsejan que no se haga. Además, a nuestro juicio, el requisito de que las cuentas deberán ser *debidamente revisadas y auditadas* no puede ser interpretado en el sentido de permitir a una corporación preparar su estado de cuentas por medio de uno de sus directores, empleados o agentes y hacerlo revisar y certificar por otro director, agente o empleado. Debemos resolver, por lo tanto, que las cuentas contenidas en el informe anual en cuestión no estaban *debidamente revisadas y auditadas* y que faltando ese requisito el Secretario Ejecutivo de Puerto Rico procedió correctamente al negarse a archivar el informe.

*Debe declararse con lugar el recurso y revocarse la sentencia recurrida.*