Bebgau, J. (dissenting).
There surely must be a point at which an award by an arbitrator is so shockingly disproportionate as to require judicial intervention. The statutory ground for such intervention is ‘ ‘ partiality of an arbitrator appointed as a neutral ” (CPLR 7511, [b], 1, [ii]). The court held in Matter of Phillips (Amer. Cas. Co.) (9 N Y 2d 873) the point for intervention had not been reached in that case where appellant argued that the disproportion of the award to the damage demonstrated partiality. (See dissenting memorandum of Froessel and Foster, JJ., p. 875.)
But the present case goes much beyond Phillips and the award is so grossly wrong and inappropriate to the questions of liability and damage before the arbitrator that inescapably it makes out a case of partiality in the sense in which that term is used in the statute and applied to an arbitrator appointed as a neutral ’ ’.
If partiality is ever susceptible of demonstration from an examination of the award it is manifested here; and the judicial interference which ought to result would not be grounded on a mere difference in opinion as to what the amount of damages should be, which, as many cases show, is an impermissible basis for interference.
The submission by the parties to arbitration, as this record shows, was for all sums which the claimant-appellant ‘ ‘ shall be legally entitled to recover as damages ” from an uninsured or absent motorist. This submission as a basis of recovery is relevant in the judicial approach to the award only in testing partiality, but it is relevant for that purpose and the purpose itself lies within the frame of judicial power.
*887 With this relevancy in mind it is clear that the decedent’s widow is entitled to damage if her husband was free from negligence and the uninsured driver was negligent in a manner which in some way contributed to the death. Since decedent was 23 years old, had a wife and two young children, and earned $100 a week, the damage resulting from wrongfully contributing to his death would be at least $60,000 and hence it would not be possible for an impartial arbitrator to award less than $10,000, the maximum amount which the respondent had agreed to submit to arbitration.
The award of $500 had no sensible relationship to the question before the arbitrator and, indeed, is so irrational as to establish the partiality of the arbitrator. It cannot be justified on the theory that the arbitrator found the uninsured driver not negligently responsible for the death, and that nevertheless he decided to make the widow a gift or a grant of the indemnification corporation’s money.
The submission to arbitration is based in exact terms on what the widow is “legally entitled” to have, and if there is no legal right it would be wrong to make an award in her favor. It is said that she could not complain of this kind of decision because she would get $500 she was not entitled to have. But this grossly inadequate award must be presumed to be grounded on a finding of liability rather than an absence of liability, and if there is liability the award is manifestly the result of the kind of partiality which the statute prohibits in an arbitrator 1 ‘ appointed as a neutral ’ ’ and of that she certainly can complain.
Nor would it be possible for the arbitrator to apportion damages for the death between the uninsured driver, if that driver played an effective negligent part, and other causes of death. The damages are not thus apportionable and reducible under a submission of what the widow is “legally entitled” to have. If the respondent corporation is responsible at all it must pay the full damage. It cannot be fractionally responsible for what the widow is “ legally entitled ” to have.
Nor is it possible to say that in the fleeting instant between one cause and another, both contributing to decedent’s death, the widow’s damage could somehow be weighed in at $500 chargeable to one of the two causes. And it would, not be possible to hold that the value of his remaining life, before *888 he was finished off in another instant by the second cause was somehow to be appraised at $500.
It is to incongruities of this sort that the critics of arbitration point when they argue that in the long run it is better to leave disposition of litigation with professional Judges and not with occasional amateurs, even though in some fields, e.g., market values and production techniques, judicial amateurs would have more “ expertise ” than professional Judges.
That a grossly disproportionate award will be taken as proof of partiality has long been the rule in New York and the language of the present statute is based on an acceptance of that rule. In Van Cortlandt v. Underhill (17 Johns. 405) the Court of Errors reversed a decision of the Chancellor which sustained an award on the ground that the gross excessiveness of the award demonstrated either corruption or gross partiality, and a similar result was reached in Smith v. Cooley (5 Daly 401).
In 1923 the Supreme Court of Michigan noted that while inadequacy of an award “will not in itself ” justify interference it will be set aside where ‘1 the amount is so palpably inadequate as to amount to evidence of fraud or bad faith ” (Huested v. Patrons Mut. Fire Ins. Co., 223 Mich. 213, 217). (See, also, discussion in Mork v. Eureka-Security Fire & Mar. Ins. Co., 230 Minn. 382, 391.)
It is not fairly possible to look at this result as the work of an impartial arbitrator. The award should be vacated and the order of Special Term reinstated.
Order affirmed.